THEODORE DUDAR, Respondent, *v.* MILEF REALTY COR-
PORATION et al., Appellants.

MILEF REALTY CORPORATION, Appellant, *v.* J. HARRY
MCNALLY, INC., Respondent, Impleaded with Another.

(Argued January 7, 1932; decided February 9, 1932.)

*Stephen Callaghan, Chester E. Barrett* and *Alfred W. Andrews* for Milef Realty Corporation, appellant. The superintendent had no authority to bind the defendant-appellant by any directions that he might give as to the operation of the hod hoist. (*Crowley* v. *Murray & Hill Co.*, 154 App. Div. 478.) The defendant-appellant should have judgment herein against the defendant contractor for the amount of any judgment recovered against it by plaintiff, for the reason that the negligence of the defendant contractor was the active and primary cause of the accident. (*Wanamaker Co.* v. *Otis Elevator Co.*, 228 N. Y. 192; *Dunn* v. *Uvalde Asphalt Paving Co.*, 175

N. Y. 214; *Scott* v. *Curtis,* 195 N. Y. 424; *Knippenberg* v. *Lord & Taylor,* 193 App. Div. 753; *Williams* v. *New York & Queens Co. Elec. Lt. & Power Co.,* 170 App. Div. 920; 222 N. Y. 663; *City of New York* v. *Corn,* 133 App. Div. 1; *Mayor of New York* v. *Brady,* 81 Hun, 440; 151 N. Y. 611; *Phœnix Bridge Co.* v. *Creem,* 102 App. Div. 354; 185 N. Y. 580; *Nashua Iron & Steel Co.* v. *Worcester & Nashau R. R. Co.,* 62 N. H. 159; *Hudson Valley Ry. Co.* v. *Mechanicville E. L. & G. Co.,* 180 App. Div. 86; *Fulton Gas & Electric Co.* v. *Hudson River Tel. Co.,* 130 App. Div. 347; 200 N. Y. 287; *New York Consolidated R. R. Co.* v. *Massachusetts B. & Ins. Co.,* 193 App. Div. 438; 233 N. Y. 547.) Defendant contractor is liable to defendant-appellant for any recovery by the plaintiff herein, under the terms of the agreement between the said defendants. (*Long Island R. R. Co.* v. *American Bridge Co.,* 175 App. Div. 170; 225 N. Y. 692; *Post & McCord* v. *New York Municipal R. R. Corp.,* 187 App. Div. 167; 230 N. Y. 540; *Westinghouse, Church, Kerr Co.* v. *Long Island R. R. Co.,* 160 App. Div. 200; 216 N. Y. 697.)

*Benjamin C. Loder* for J. Harry McNally, Inc., appellant.

*Victor Deutsch* for plaintiff-respondent.

*Benjamin Machinist* and *Benjamin C. Loder* for J. Harry McNally, Inc., respondent. On the evidence and the pleadings the defendant owner is not entitled to indemnity from the defendant contractor on the theory of the primary liability of the latter. (*Keeler Bldg. Co.* v. *Titchener & Co.,* 190 App. Div. 135; *Union Stock Yards* v. *Chicago R. R. Co.,* 196 U. S. 217; *Oceanic Steam Navigation Co.* v. *Compania Trans. Espanola,* 134 N. Y. 461; *Grey* v. *Boston Gas Light Co.,* 114 Mass. 149.) The agreement between the defendants does not contemplate indemnity for defendant owner's negligence. (*Manhattan Ry. Co.* v. *Cornell,* 54 Hun, 292; 130 N. Y. 637.)

LEHMAN, J.  The defendant Milef Realty Corporation constructed a building on land which it owned.  It made separate contracts for the various parts of the work involved, and kept a superintendent upon the job to supervise the whole work.  The plaintiff was employed by the contractor who erected the fireproof arches.  He was injured in the course of his work while temporarily within a shaft used for a " hod hoist " operated by the defendant J. Harry McNally, Inc., the contractor who was constructing the brick walls in the building.

The operation of the hod hoist while the plaintiff was working in the shaft would almost inevitably cause serious injury or death.  The contractor for the brick work who operated the hod hoist was under a duty to stop its operation only if it had notice that the employees of another contractor might be working within the shaft.  The owner and general contractor was under a duty to prevent such operation only if it had similar notice and had assumed some measure of direction of the work.  The plaintiff was guilty of contributory negligence as a matter of law unless he had reasonable assurance that the hod hoist would not be operated at that point while he was in the shaft.

There is evidence, which upon this appeal we must assume to be true, establishing against each defendant these elements in the plaintiff's cause of action.  The accident occurred on a Saturday morning, and the foreman in charge of the plaintiff's work testified that on the previous Wednesday evening, he had been directed by the superintendent of the owner to do this work and that the superintendent had said that the hoist would not " go higher than the eighth floor.  I am going to see the engineer about it."  The superintendent of the owner and general contractor was called upon to give directions during progress of the construction to the extent of preventing conflicts between the work of various subcontractors.  Some duty rested upon him to see that such directions

would not create a danger to the laborers engaged in the work. We do not now attempt to define the limits of that duty. When the superintendent undertook to direct work which might be dangerous if the hod hoist operated above the eighth floor and gave assurance that he would give appropriate directions to the engineer, in charge of the hoist, not to operate the hoist beyond that floor, failure to act in accordance with that assurance or to take any steps to protect the laborers, who relied upon his assurance, certainly would constitute a breach of duty, and his employer would be liable for consequent damages.

The foreman who directed plaintiff's work further testified that on the morning after he talked to the superintendent of the general contractor the engineer, in charge of the hod hoist, told him that the superintendent " came last evening to my office and told me that I should not run the hoist." His testimony, if true, leads fairly to the inference that the engineer had notice that the men working on the fireproof arches might be within the zone of danger created by the operation of a hoist within the shaft, and that such operation must be conducted with due care for their safety. That notice was not expressly limited in time, and since the work on the fireproof arches would ordinarily take several days to finish, the jury might find that the engineer had notice that during such time laborers might be working on fireproof arches in dangerous proximity to the hod hoist. Denial by the superintendent of the general contractor and the engineer that they ever had such conversations or that they had any notice that the employees of the contractor erecting or repairing the arches would work in the shaft, raises an issue of fact, but the verdict of the jury has resolved that question against both defendants.

The trial judge at the close of the case correctly denied the motion of each defendant to dismiss the complaint. The plaintiff's testimony that before he took his place in the hod hoist shaft he received assurance that the

hoist would not be operated above the eighth floor made his contributory negligence a question of fact. Either defendant who failed to take reasonable precautions to stop such operation or to obviate the dangers that might be apprehended from its operation could fairly be charged with negligence. The jury might believe the testimony of the plaintiff's foreman that after his conversation with the defendant Milef's superintendent, the defendant McNally's engineer admitted to him that the superintendent had warned him not to operate the hoist. Then it could find a verdict against the defendant J. Harry McNally, Inc., for the damages caused by the negligence of its engineer. It might reject that testimony, yet believe the foreman's testimony of his conversation with the general contractor's superintendent and that the superintendent conveyed no notice or warning to the engineer of the hoist. Then it could find a verdict against the general contractor.

It is said that, even so, a finding that the engineer received such notice must exonerate the superintendent from failure to give it, and that no other negligence can be charged against the general contractor. Perhaps that may be true, yet upon the motion to dismiss, no such question could be presented, for then there was no such finding against the contractor operating the hoist, and the judge was required to pass separately on the separate motions to dismiss of the two defendants. Nor is such question raised by any exception to the charge.

True, the defendant Milef Realty Corporation may, perhaps, even without an exception to the charge, claim the benefit of the finding of the jury that notice was conveyed by its superintendent to the engineer of the hoist. Then, if the jury had been instructed that the Milef Realty Corporation could be charged with no other negligence, that finding would in effect exonerate the defendant from all legal responsibility for the accident. (*Pangburn* v. *Buick Motor Co.*, 211 N. Y. 228.) Here

the judge, without exception and with the apparent acquiescence of the defendant, charged otherwise. Repeatedly and in different terms he charged the jury that it might find from all the evidence that it was the owner's duty under the circumstances " to see to it that the place where the work was to be done, namely, the shaft, was made reasonably safe for Dudar and his coworkers, * * * and not until he shows that it has been properly performed can he claim exemption from liability for injuries occasioned through his non-performance." Liability might, he said, be imposed on either defendant, or if the jury found that the negligence of both contributed to the accident, the verdict might be against both. He charged that even if the jury believed that the superintendent of the Milef Realty Corporation " told the engineer of the hod hoist machine not to run this hod hoist above the eighth floor, it is for you to say whether or not that was all that the owner was called upon to do under all the circumstances of the case." The correctness of these instructions cannot be reviewed by this court, since they do not affect the denial of the motion to dismiss, and no exception was taken to them when charged. For these reasons the verdict of the jury against both defendants must be sustained.

Nevertheless the trial judge erred in dismissing the cross-complaint of the defendant Milef Realty Corporation asking judgment that the defendant J. Harry McNally, Inc., is liable to it for the claim made against it by the plaintiff. The contract between the defendants provides that: " Should any person, or persons, or property be damaged or injured by the Contractor, or by any person, or persons, employed under him, in the course of the performance by him of this agreement or otherwise, whether by negligence or otherwise, said Contractor shall alone be liable, responsible and answerable therefor and does hereby agree, to and with the said Owner to hold harmless and indemnify the Owner, of and from all

claims, suits, actions, costs, counsel fees, expenses, damages, judgment or decrees by reason thereof." The trial judge to whom that question was submitted held that since both defendants were culpable, neither can have indemnity from the other, citing *Oceanic Steam Navigation Co.* v. *Compania Transatlantica Espanola* (134 N. Y. 461).

Even in that case the court pointed out that the rule does not apply where the two parties have not participated in a wrong, and the wrongful act of one exposes the other to liability and damage. Here liability of the defendant owner and general contractor arises from its failure to protect the plaintiff adequately from the danger which might reasonably be apprehended from the operation of the hod hoist. It did not participate in the negligent operation of the hoist. Its own negligence was, at most, passive in failing to take more precautions against such operation. In the absence of a contractual obligation by the operator of the hod hoist, assuming sole responsibility for the results of its own negligence, the question of ultimate liability as between the two defendants might be debatable. (Cf. *Wanamaker* v. *Otis Elevator Co.*, 228 N. Y. 192; *Scott* v. *Curtis*, 195 N. Y. 424; *Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550.) Here the contractor did by express agreement assume such responsibility.

The contractor's contractual obligation was obviously intended to relieve the owner from liability for injury suffered by any person " in the course of the performance " of work by the contractor. The owner was not exposed to such liability in the first instance, unless failure, on its part, in some duty owed to the injured party contributed to the injury. A construction of the contractor's obligation which would exclude from its scope all injuries in which the contractor failed in some duty owed would entirely defeat the purpose of the obligation and render the obligation illusory. It is irrelevant that the owner

obtained further protection from a policy insuring it against damages resulting from its own negligence. It might choose to do so if not satisfied that it was sufficiently protected by the agreements made by its contractors. Those agreements may not provide indemnity in all cases. Enough that the contractor's obligation plainly covers injuries caused by the contractor's negligence in which the owner did not participate, and where the owner's negligence, if any, was only passive and in the performance of a duty owed not to the contractor but to the injured party. We do not now decide whether it might extend further.

The judgment in favor of the plaintiff should be affirmed, with costs. The judgment in favor of the defendant J. Harry McNally, Inc., dismissing the cross-complaint, should be reversed and judgment on the cross-complaint directed in favor of the defendant Milef Realty Corporation, with costs in all courts against the co-defendant.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.