WARREN WALTERS, Plaintiff, *v.* RAO ELECTRICAL EQUIPMENT CO., INC., and PSATY & FUHRMAN, INC., Defendants.

Supreme Court, Trial Term, Bronx County, May 11, 1940.

*Israel Stashin* [*Fred P. Harrington* of counsel], for the plaintiff.

*Reginald V. Spell* [*Malcolm G. Bibby* of counsel], for the defendant Rao Electrical Equipment Co., Inc.

*Clarence B. Tippett* [*William P. Cotter* and *Desmond P. Barry* of counsel], for the defendant Psaty & Fuhrman, Inc.

STEUER, J. The verdict of the jury fixes the happening of the accident in the following manner: The subcontractor negligently dropped a piece of pipe, which fell through an opening in the planking constructed by the general contractor, and struck the plaintiff. The subcontractor's contract contained a clause providing: " Should any person * * * be injured by the subcontractor * * * in the course of the performance by him of this agreement * * * said subcontractor shall alone be liable * * * therefor, and does hereby agree to and with said contractor to hold harmless and indemnify the contractor of and from all claims." The question is whether by virtue of this agreement the contractor is entitled to recover on a cross-complaint against the subcontractor.

While there is no illegality in a contract to be indemnified against the consequences of one's own negligence, such agreements are subject to scrutiny to determine whether such an intent is revealed in them. A clause of similar import to the one cited would not entitle the general contractor to relief had the negligence been his alone. (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36.) Nor does it at first blush appear to affect a situation where the damage is the result of negligence on the part of both. Yet only in a situation where the general contractor had failed in some duty would the clause have any application. It is only in such a situation that any primary liability could be asserted against the general contractor. If the breach of duty by the general contractor is passive, the clause protects him. (*Dudar* v. *Milef Realty Corp.*, 258 N. Y. 415.) The question, therefore, is whether the negligence of this general contractor falls into that category. The negligent construction of the flooring required by section 241 of the Labor Law is not passive. Under these circumstances the language of the clause in the contract does not disclose an intent to be liable for the general contractor's negligence.

The motion to reargue is granted and the cross-complaint dismissed.