DAVID VAN PELT, Plaintiff, *v.* CITY OF NEW YORK, Defendant, and RAYMOND W. SEEBODE, Defendant and Third Party Plaintiff. MAE CORCORAN, Individually and as Executrix of OWEN CORCORAN, Deceased, Third Party Defendant.*

Supreme Court, Special Term, Queens County, February 28, 1947.

* See, also, *Salzberg* v. *Raynay Holding Corp.*, 188 Misc. 1009, and *Fortune* *v. Hyle Holding Corp.*, 188 Misc. 1011.— [REP.

*Louis Levine* for Mae Corcoran, individually and as executrix of Owen Corcoran, deceased, third party defendant.

*David L. Dugan* for Raymond W. Seebode, defendant and third party plaintiff.

HALLINAN, J. The plaintiff sued the City of New York and Raymond W. Seebode to recover damages for personal injuries which he claims to have suffered as a result of a fall on the sidewalk. The first cause of action charges the city with negligence in that it permitted its sidewalk in front of the premises owned by the defendant Seebode " to become and remain in a broken, defective, unsafe, dilapidated, jagged and irregular condition, and in failing to make proper repairs to said sidewalk after

\* \* \* notice \* \* \*.'' The second cause of action charges the defendant, Seebode, with having undertaken, prior to January 2, 1946, " to repair the said defective condition of the \* \* \* sidewalk \* \* \* ''; that he " negligently and carelessly made repairs to the said sidewalk and thereby caused the condition of the said sidewalk to become broken, defective, unsafe, dilapidated, jagged, irregular and otherwise in a state of disrepair.''

Following the service of his answer and on November 26, 1946, the defendant, Seebode, moved on notice to the attorneys for the plaintiff and the codefendant, the City of New York, to implead one Mae Corcoran, individually and as executrix of the estate of Owen Corcoran, deceased. In said application, it was asserted that the owner of the adjoining dwelling was responsible for the condition which caused the accident because he had, after many requests made prior to January 2, 1946, neglected and refused to remove a root of a silver maple tree which grew in front of his property and which had caused the sidewalk to be raised about one half an inch.

The motion was granted by an order dated January 9, 1947, and pursuant thereto, the defendant served a " supplemental summons and complaint " upon Mae Corcoran, individually and as executrix of the estate of Owen Corcoran, deceased, together with a copy of the original plaintiff's summons and complaint.

Before answering, and on February 4, 1947, the third party defendant, Mae Corcoran, moved to vacate the order of impleader dated January 9, 1947, and to dismiss the third party complaint upon the grounds: (1) That the third party claim therein asserted does not come within the purview of section 193-a of the Civil Practice Act, and (2) that " the third-party complaint upon its face does not state sufficient facts to constitute a cause of action on the part of the defendant, \* \* \* against the third-party defendant \* \* \*.''

In obtaining the order of impleader, the third party plaintiff (the defendant) followed the practice under former subdivision 3 of section 193 of the Civil Practice Act, which was repealed by the 1946 Legislature (L. 1946, ch. 971, eff. Sept. 1, 1946). Under that procedure, an application to the court for leave to implead a person, not a party to the action, was necessary. Notice thereof was required to be given only to the parties who had appeared in the action; the prospective third party was not entitled to notice. For that reason, the order permitting the impleader was not final as to the third party who could there-

after move to vacate it and dismiss the cross claim asserted against him.

Under the new practice as sanctioned by subdivision 1 of section 193-a of the Civil Practice Act, a defendant is permitted, after he has served his answer, to bring in a person who is not then a party to the action *without application to the court.* All he has to do is to serve a summons in the form prescribed in new rule 54 of the Rules of Civil Practice, together with a copy of a verified complaint and copies of all pleadings in the action, upon the person whom he desires to make a third party. In such summons and verified complaint, he is required to designate himself as a " third-party plaintiff " and the third person as a " third-party defendant ". Copies of the third party summons and verified complaint must also be served upon the plaintiff or his attorney.

Under the second subdivision of section 193-a of the Civil Practice Act, the third party defendant must serve copies of his answer to the third party claim asserted against him upon the attorneys for the third party plaintiff *and* for the plaintiff, within twenty days after the service of the third party summons and verified complaint upon him. For the purpose of contesting plaintiff's claim against the third party plaintiff (the defendant), the third party defendant has been given the rights of a party adverse to the plaintiff, including the right to assert against the latter any defenses which the third party plaintiff (the defendant) has to the plaintiff's claim and also the right to appeal.

Subdivision four of section 193-a of the Civil Practice Act authorizes the first application which may be made to the court under the new procedure. The original plaintiff, or the new party — the third party defendant — may, after the latter has appeared in the action, upon notice to all parties, move to dismiss the third party complaint without prejudice to bringing another action, or order a separate trial of the third party claim, or of any separate issue thereof, or make such " other orders concerning the proceedings as may be necessary to further justice or convenience." The foregoing relief is discretionary and in the exercise thereof, the court is required to consider " whether the controversy between the third-party plaintiff and the third-party defendant will unduly delay the determination of the main action or prejudice any party to the action ".

Although there is no express provision to that effect, there can be no doubt that a third party defendant, who has been

served with a defective third party complaint, has the right to have it corrected, pursuant to rule 90, subdivision 1 of rule 102 and rule 103 of the Rules of Civil Practice and to challenge it under rule 106 or 107 of the Rules of Civil Practice. There is no time limitation either for the commencement of the third party action, or for the discretionary motion which may be made, pursuant to subdivision 4 of section 193-a of the Civil Practice Act. Such motion may, therefore, be made either before or after the answer to the third party complaint has been served. If the motion is made before answer, it may be, under section 117 of the Civil Practice Act, combined with motions addressed to the third party complaint which, under the Rules of Civil Practice above mentioned, must be made before the answer is served. If the motion is made after answer, it may be combined with such motions under rule 106 or 107 of the Rules of Civil Practice for which there is no time limitation.

The relief sought by the third party defendant upon the present application is the same under the new procedure as it was under the old. The only difference is that now an order of impleader is no longer necessary and but one determination by the court as to the propriety of impleader need be made. This determination can be made only upon notice to all parties and after the third party has appeared.

Under the former statute, a third person could be impleaded upon a showing that he " is or  *  *  *  *  *will* be liable " to the defendant for the judgment or part thereof recovered by the plaintiff against him. The third party claim was required to emanate from the claim initially asserted by the plaintiff, or at least to rest upon the same grounds, and was conditioned upon a recovery by the plaintiff against the original defendant. (*Nichols* v. *Clark, MacMullen & Riley, Inc.,* 261 N. Y. 118.) The revised practice has eliminated the requirement of " identity " between the original and third party claims. Impleader in the court's discretion is now permitted for convenience *if* substantially similar questions of law or fact are involved in the two controversies even though the causes of action or the grounds upon which they are based, are not the same. However, a recovery by the plaintiff against the original defendant is still a condition for the recovery over by the third party plaintiff against the third party defendant.

The gravamen of the plaintiff's cause of action against the third party plaintiff is, in substance, that the latter *created* a dangerous condition when he undertook to repair the sidewalk

in question and made such repairs negligently and improperly. The plaintiff does not complain that the defendant maintained the sidewalk improperly. The gravamen of the cross complaint is that the root of a tree belonging to the adjoining property owner lifted the sidewalk one half an inch and that such owner refused when requested "to remove said tree root so that the sidewalk could be restored to its original level".

If the plaintiff fails to establish at the trial that the defendant, by means of careless repairs, created the dangerous condition which caused the accident, the latter will be exonerated and no judgment over against the third party will be possible. If, on the other hand, it is established that the defendant's improper and negligent repairs to the sidewalk were responsible for the accident, it is difficult to perceive how his said negligence would have anything in common with the tree owner's breach of duty (if any) in refusing to remove the root, which presumably caused the condition which necessitated the repairs claimed to have been negligently made. If the defendant had not attempted to repair the sidewalk and left it in the condition in which the root had caused it to be, then he could properly cross-claim against the tree owner for causing the sidewalk to rise. The plaintiff is not suing the defendant because the sidewalk rose, but rather because he repaired it in a negligent manner. Whether the defendant would have a cause of action against the tree owner for the cost of repairs is not presented in this case. This defendant requires by his cross complaint, in effect, to have the tree owner held liable to him for his own negligence in repairing the sidewalk and such a situation does not, in the opinion of the court, come within the purview of section 193-a of the Civil Practice Act which expressly provides that "The claim against * * * the third-party defendant, *must* be related to the main action by a question of law or fact *common to both controversies* * * *." (Italics supplied.) Such a relation in the instant case is, to say the least, tenuous and under the circumstances it would be an improper exercise of discretion to permit impleader. A trial of both of these claims, not to mention the separate and distinct ground of liability asserted against the city, would moreover result only in confusion and unnecessarily complicate the trial.

The motion is, therefore, granted and the third party complaint dismissed, without prejudice. Settle order on notice.