Isaac Salzberg, Plaintiff, v. Raynay Holding Corp., Defendant and Third Party Plaintiff. Abraham Marmer et al., Third Party Defendants.[*]

City Court of the City of New York, Special Term, Kings County, March 7, 1947.

* See, also, *Fortune* v. *Hyle Holding Corp.*, 188 Misc. 1011.— [Rep.

*Irving S. Finkston* for third party defendants.

*Alan G. Trebach* for plaintiff.

*Sol M. Selig* for defendant and third party plaintiff.

JOYCE, J. This is a motion, pursuant to subdivision 4 of section 193-a of the Civil Practice Act, made by the third party defendants to dismiss the third party complaint on the grounds of improper joinder, that the same questions of law and fact are not involved in both causes of action, and that a joint trial would result in a confusion of issues before a jury, to their prejudice.

This motion was made after issue was joined by the service of the answer of the third party defendants. I am inclined to follow the decision of Mr. Justice HALLINAN, in *Van Pelt* v. *City of New York* (188 Misc. 995), that such motion is timely.

The original cause of action was brought by a real estate broker to recover commissions from the owner of certain realty for which he claims to have procured a buyer. The defendant owner has served a third party summons and complaint, pursuant to section 193-a of the Civil Practice Act, upon the buyer corporation and its assignor of the contract of sale, as third party defendants, alleging that they had warranted and represented in the contract of sale that no broker brought about said sale; that the seller took that fact into consideration in accepting the selling price of the property and that should it appear on the trial that the buyers had in fact negotiated with the plaintiff broker, resulting in a recovery for the broker, the buyers would be liable over to the seller to the extent of such recovery.

Under section 193 of the Civil Practice Act, prior to its amendment, a third person could be impleaded only upon showing of definite " liability over " (*May Co.* v. *Mott Avenue Corporation*, 121 Misc. 398; *Kromback* v. *Killian*, 215 App. Div. 19), as well as identity of claims (*Nicholas* v. *Clark, MacMullen & Riley, Inc.*, 261 N. Y. 118).

Section 193-a of the Civil Practice Act (added by L. 1946, ch. 971) allows interpleader upon showing (1) that the third party " may be liable " to the defendant for all or part of the plaintiff's claim against the defendant, and, (2) that the third party claim is related to the main action by a question of law or fact common to both controversies.

" May be liable " does away with the old rule of definite and certain liability and allows joinder where there is doubt as to such liability. The third party defendants in the within action may be liable to the third party plaintiff for any recovery which may be had by the plaintiff as against said third party plaintiff.

One of the questions of fact, common to both controversies, is — did the plaintiff broker procure the third party defendants as buyers for the property in question? The testimony that will tend to prove or disprove the broker's assertion that he did will bear directly on the third party plaintiff's contention that the buyers had misrepresented when they warranted that no broker brought about the sale.

There are other questions of law and fact that are not common to both controversies, but it is sufficient if one question of law or one of fact is shown. (*Tyrrell, Inc.,* v. *Vahlsing,* N. Y. L. J., March 4, 1947, p. 866, col. 4.)

Finally, there is no showing that joinder will work an injustice, unduly delay the main action or unduly inconvenience plaintiff.

Motion denied.