NICHOLAS TRIGLIANOS et al., Plaintiffs, *v.* HENRY MOSS & CO., INC., et al., Defendants, and JAMES DE MARIA, Defendant and Third Party Plaintiff. ROCCO BROS., INC., Third Party Defendant.

Supreme Court, Special Term, Kings County, June 4, 1947.

*Benjamin H. Eisen* and *Leo F. Potts* for third party defendant.

*Thomas P. Curtin* and *Robert E. Curran* for third party plaintiff.

COLDEN, J. Motion by the third party defendant for an order pursuant to section 193-a of the Civil Practice Act and subdivision 5 of rule 106 of the Rules of Civil Practice, vacating the

service of the third party summons and complaint herein and dismissing the said third party complaint upon the grounds that the third party defendant is improperly impleaded, is not a necessary defendant, and that the third party complaint does not set forth facts sufficient to constitute a cause of action.

Under the present third party practice the old rule of definite and certain liability has been changed. Impleader is now permitted where the third party may be liable to the defendant for all or part of plaintiff's claim against the defendant, and such third party claim is related to the main action by a question of law or fact common to both controversies (*Van Pelt* v. *City of New York*, 188 Misc. 995; *Tyrell, Inc.,* v. *Vahlsing*, 69 N. Y. S. 2d 602; *Salzberg* v. *Raynay Holding Corp.*, 188 Misc. 1009).

So far as the claim of the third party that if liable at all it may be liable as a joint tort-feasor, that must be overruled, inasmuch as the third party complaint is predicated upon liability over for active negligence. Of course joint tort-feasors cannot be impleaded since section 211-a of the Civil Practice Act makes contribution by joint tort-feasors dependent upon the recovery of a money judgment against the joint tort-feasors, and the payment by one of them of more than his prorata share of such judgment. Until one of the joint tort-feasors has actually paid more than his proportionate share there can be no contribution (*Mills* v. *City of New York,* 189 Misc. 291).

As for the delay of the defendant in impleading the third party defendant, section 193-a of the Civil Practice Act provides no time limitation for the commencement of a third party action (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 202), and, therefore, it cannot be said that the commencement of the third party action here in April, 1947, when the original issue was joined on November 19, 1946, *ipso facto* entitles the third party defendant to a dismissal of the cross complaint because of delay.

If when the cause is reached for trial the third party defendant finds itself unprepared, application for an adjournment may be made to the trial court. Accordingly, the motion is denied.

Submit order.