Joseph Green, Plaintiff, *v.* Hudson Shoring Co. Inc., et al., Defendants.

Garfield Cafeteria, Inc., Third Party Plaintiff, *v.* Birk Iron Works, Inc., Third Party Defendant.

Supreme Court, Special Term, Kings County, December 30, 1947.

*Melvin Sacks* for plaintiff.

*McDevitt & Strycker* for Hudson Shoring Co. Inc., defendant.

*Willam Butler* and *John C. Martin* for Garfield Cafeteria, Inc., defendant and third party plaintiff.

*Bernard Katzen* and *Harry Schechter* for third party defendant.

FROESSEL, J.   Joseph Green brought an action against Hudson Shoring Co. Inc. (hereinafter referred to as " Hudson ") and Garfield Cafeteria, Inc. (hereinafter referred to as " Garfield ") to recover damages for personal injuries which he sustained on March 4, 1946, on premises owned, operated, managed and controlled by Garfield.   According to the complaint, Garfield had contracted with Hudson, as a subcontractor, to perform certain work, labor and services in connection with repairs, alterations and installations in the premises in question.   Garfield had also similarly contracted with Birk Iron Works, Inc. (hereinafter referred to as " Birk "); this work consisted of removing, installing, altering and repairing certain iron and steel at Garfield's premises, and plaintiff was an employee of Birk engaged in the performance of such work at the time of the accident. While thus engaged, " several bricks were caused to fall and drop upon his person, causing him severe and serious injuries ". Such occurrence is alleged to have been caused solely and wholly by the negligence, recklessness and carelessness of the defendants Garfield and Hudson, their agents, servants or employees " in permitting, causing and creating a condition whereby several bricks were caused to become loose and detached and fall upon the person of the plaintiff; and further caused and created the condition whereby a certain wall was caused to fall and collapse upon the person of the plaintiff; and further failed to take the proper precautions and safeguards to prevent such collapse; and further failed to use the methods, custom and usage commonly employed to prevent the aforesaid falling and collapse of several bricks upon the person of the plaintiff; and further directed and caused the plaintiff to work under dangerous and unsafe conditions; and further failed to provide a safe place for the plaintiff to work; and further violated laws and ordinances of the City and State of New York; and further was negligent, careless and reckless in managing, directing, altering and performing the aforesaid alterations in the aforesaid premises; and the defendant Garfield Cafeteria, Inc., was further negligent in failing to contract to prevent the aforesaid occurrence causing the aforesaid bricks to fall upon the person of the plaintiff, causing him to sustain serious and severe injuries with no fault on his part".

The defendant Garfield interposed an answer which contains, in addition to a denial of the material allegations of the complaint, a cross complaint against its codefendant, Hudson. In addition, it served, pursuant to section 193-a of the Civil Practice Act, a third party summons and complaint against the

plaintiff's employer, Birk, as a third party defendant. The latter has now moved, upon notice to the plaintiff, the defendant Hudson, and Garfield as a defendant and third party plaintiff, to dismiss the third party complaint on the ground that it fails to state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 5) and for incidental relief.

It is clear from the notice of motion that all that the third party seeks herein is the ordinary dismissal of a third party complaint for legal insufficiency. (*Miele* v. *City of New York,* 270 App. Div. 122.) In the determination of such a motion, as upon a motion to dismiss any complaint for legal insufficiency, only the challenged pleading may be considered. (*King* v. *Krischer Manufacturing Co., Inc.,* 220 App. Div. 584; *Purdy* v. *McGarity,* 262 App. Div. 623.)

Inasmuch as neither the third party defendant nor the plaintiff has made a motion, pursuant to subdivision 4 of section 193-a of the Civil Practice Act, for a discretionary dismissal of the third party complaint, without prejudice, or for a separate trial of the third party claim, or for any other relief concerning the proceedings '' as may be necessary to further justice or convenience '', this court cannot, upon the instant application, consider the affidavits which have been interposed by the attorney representing the plaintiff and the attorney representing the defendant and third party plaintiff Garfield. This is not a case such as *Van Pelt* v. *City of New York* (188 Misc. 995) where in connection with a motion under subdivision 4 of section 193-a, the third party defendant also moved to dismiss the third party complaint upon the ground that it ''upon its face does not state sufficient facts to constitute a cause of action on the part of the defendant, * * * against the third-party defendant *. * * .'' Accordingly, the court can, upon this application, consider only the legal sufficiency of the third party complaint. Since there is no time limitation for the making of a motion pursuant to subdivision 4 of section 193-a, such motion may be made either before or after the third party has pleaded to the third party complaint. (*Van Pelt* v. *City of New York, supra.*) Consequently either the plaintiff or the third party defendant will still have time, after the disposition of the instant motion, to apply, if so advised, for the discretionary relief provided by said subdivision.

The third party complaint, after alleging Garfield's agreement with Birk for the performance of certain steel and iron work on the former's premises which was to include the supply and delivery thereof by Birk, makes reference to the plaintiff's com-

plaint and the principal allegations of negligence there charged. Then it is alleged that if any acts of negligence or carelessness are proved to have caused plaintiff's personal injuries, " they would be the sole acts of carelessness or negligence of " Birk " without any negligence or carelessness on the part of " Garfield " contributing thereto ", and that if plaintiff recovers a judgment against Garfield in the main action, " such liability will have been brought about and caused through the carelessness and negligence of the third-party defendant, Birk Iron Works, Inc., its agents, servants or employees, in the manner in which it performed its work under the agreement, as aforesaid, and without any negligence on the part of the third party plaintiff, Garfield Cafeteria, Inc., contributing thereto, and the third party plaintiff claims indemnity against the third party defendant, Birk Iron Works, Inc., for any loss it may sustain in this action and demands judgment over and against the third party defendant, Birk Iron Works, Inc., for the same amount."

The new third party procedure, as embodied in section 193-a, did not change the legal effect of securing an indemnity judgment against a third party. (*Clements* v. *Rockefeller*, 189 Misc. 885.) Despite the fact that under the new procedure, impleader is no longer limited to those cases where the claim of the defendant against the third party is identical to or emanates from that asserted in the original controversy (*Nichols* v. *Clark, Mac-Mullen & Riley, Inc.*, 261 N. Y. 118), and impleader is proper so long as the two controversies involve substantial questions of law or fact common to both (*Van Pelt* v. *City of New York, supra; Salzburg* v. *Raynay Holding Corp.*, 188 Misc. 1009), the requirement of " liability over " remains (*Wolf* v. *La Rosa & Sons, Inc.*, 272 App. Div. 932; *Cloud* v. *Martin*, 273 App. Div. 769). Such liability over must clearly appear in the third party complaint inasmuch as the rule against impleading joint tortfeasors, which obtained under the former practice, has not been changed by the revised practice. (*Mills* v. *City of New York*, 189 Misc. 291.) The third party plaintiff is permitted to implead a person not a party to an action only if the latter has " the obligation of exonerating or reimbursing the defendant (third party plaintiff) for all or part of the plaintiff's recovery against him; a joint tort-feasor is not such a person in view of the provisions of section 211-a of the Civil Practice Act, which makes contribution dependent upon the recovery of a joint judgment against the tort-feasors and the payment by one of more than his prorata share of such judgment * * *." (*Monteverdi* v. *French Realty Corp.*, 190 Misc. 304, 307.) Where the third party complaint shows upon its face that there is no basis for a claim

of indemnity against the impleaded defendant, the third party complaint must be dismissed as insufficient. (*Miele* v. *City of New York*, 270 App. Div. 122, *supra*.)

The conclusory allegations in the instant third party complaint that if any acts of negligence or carelessness are proved to have caused the plaintiff damage while performing work for Birk, " they would be the sole acts of carelessness or negligence of " said third party defendant, are insufficient to spell out a " claim over." There are no facts alleged in the third party complaint in support of the general charge of negligence to show that the *primary* responsibility for the accident was that of the third party. In the present state of the pleadings, Garfield could be held liable to the plaintiff independent of any acts of the impleaded third party, or the negligence of both might be shown to have caused the accident. Under either hypothesis, impleader would not be available.

Inasmuch as the situation presented conceivably lends itself to impleader should the facts be properly alleged, the motion to dismiss the third party complaint will be granted, with leave to plead anew within fifteen days of the service of a copy of the order hereon, upon payment of $10 costs. This disposition, of course, is without prejudice to a motion under subdivision 4 of section 193-a if an amended third party complaint is served. (See *Monteverdi* v. *French Realty Corp., supra*.)