BIAGIO DEL LONGO et al., Plaintiffs, *v.* BENNETT-BREWSTER Co., INC., Defendant and Third Party Plaintiff. HERSCHENFELD EQUIPMENT CORP. et al., Third Party Defendants.

Supreme Court, Special Term, New York County, April 21, 1948.

*Boyle, Feller, Stone & McGivern* for Herschenfeld Equipment Corp., third party defendant.

*John W. Trapp* for A. D. Candon, Inc., third party defendant.

*Phillips & Kalb* for plaintiff.

*Emanuel Morgenbesser* for defendant and third party plaintiff.

MILLER, J. This is a motion by a third party defendant to dismiss for alleged insufficiency the complaint of the third party plaintiff. The third party plaintiff is being sued by the plaintiffs on two theories: (1) that the injuries resulted from the third party plaintiff's improper construction of the scaffold, and (2) that the injuries were caused by the negligence of the third party plaintiff in the maintenance and control of the scaffold. If plaintiffs should recover against the third party plaintiff on the first theory, the latter would clearly have no cause of action over against the third party defendant since the third party plaintiff's liability would be active and primary and not passive and secondary. If, on the other hand, plaintiffs should recover against the third party plaintiff on the theory that the latter was guilty of negligence in the maintenance and control of the scaffold, the latter would likewise be in no position to assert a valid cross claim against the third party defendant. The theory of the third party complaint is that the third party plaintiff had left the premises and had no part in the maintenance and control of the scaffold at the time of the accident. If this be so, however, plaintiffs cannot recover against the third party plaintiff on the theory that the latter was guilty of negligence in the maintenance and control of the scaffold. In the absence of a recovery by plaintiffs against the third party plaintiff, the latter has no basis for a claim over against the third party defendant. What the third party plaintiff's claim really amounts to is a denial of plaintiffs' claim that it maintained or controlled the scaffold at the time of the accident. If this be the fact, plaintiffs cannot recover against it for negligent operation and control, and it, therefore, does not need the additional protection of a claim over against the third party defendant. It is to be noted

that in the cited case of *Schoenfeld* v. *Four Leaf Clover Realty Corp.* (273 App. Div. 824), the third party plaintiff, whose complaint was upheld, admitted that it was negligent but contended that its negligence " was secondary and passive ". The third party plaintiff was, therefore, not asserting facts which, if true, would defeat any recovery by the original plaintiff against it. In the instant case, however, the third party plaintiff is basing its claim over against the third party defendant upon a version of the facts which, if true, would defeat any recovery by the original plaintiffs against it.

The motion to dismiss is accordingly granted.