FRED SCHALLER, Plaintiff, v. REPUBLIC AVIATION CORPORATION, Defendant and Third Party Plaintiff. BARKER BROTHERS PAINTING CORPORATION, Third Party Defendant.

Supreme Court, Special Term, Queens County, July 21, 1948.

*Robert X. Kuzmier* for plaintiff.

*Bernard Katzen* for third party defendant.

*John P. Smith* for defendant and third party plaintiff.

COLDEN, J. The plaintiff was injured when a scaffold, upon which he was working, fell and precipitated him to the ground. The defendant, Republic Aviation Corporation, who was sued for the recovery of the resulting damages, has impleaded the third party defendant, Barker Brothers Painting Corporation, pursuant to section 193-a of the Civil Practice Act and rule 54 of the Rules of Civil Practice, on the theory that said third party may be liable over to said defendant for the damages which the latter may have to pay to the plaintiff, who at the time of the accident was an employee of said third party.

Two motions have now been made: (1) by the plaintiff for a discretionary order, pursuant to subdivision 4 of section 193-a of the Civil Practice Act, to dismiss the third party complaint on the ground that the controversy will prejudice the plaintiff inasmuch as the third party defendant, as plaintiff's employer, will offer at the time of the trial evidence of workmen's compensation; and (2) by the third party defendant to dismiss each of the causes of action alleged in the third party complaint on the ground that they are insufficient in law.

Both motions are denied. It has been held that a defendant in a personal injury action may implead the plaintiff's employer as an indemnitor notwithstanding that the result may render the latter indirectly liable for injury to an employee for which there could not be a direct recovery because of the employer's compliance with the Workmen's Compensation Law. (See '' Adding Parties, Impleader, and Intervention — the 1946 Revision '', 14 Brooklyn L. Rev. 165, and the authorities there cited.) There is, therefore, no substance to the plaintiff's claim that the introduction of workmen's compensation insurance policies by the third party defendant would be permitted and consequently prejudice the plaintiff.

Each of the causes of action alleged in the third party complaint is sufficient in law as a matter of pleading. The theory of the third party complaint is that the defendant was a passive wrongdoer and may be entitled to reimbursement for the damages to which it may have to respond to the plaintiff by reason of the active wrongdoing of the third party defendant. The construction which the third party defendant places upon the

new impleader statute (Civ. Prac. Act, § 193-a) is entirely too narrow. The statute no longer employs the phrase " *will* be liable ", but " *may* be liable to him for all or part of the plaintiff's claim " (subd. 1; italics supplied). Subdivision 1 of the section adds that the claim against the third person " must be related to the main action by a question of law or fact common to both controversies, but need not rest upon the same cause of action or the same ground as the claim asserted against the third-party plaintiff." Such is the situation in this case. The jury may return a verdict against the defendant on one of various theories of liability of which at least one would permit a judgment over against the third party defendant. As was said by the Appellate Division, Second Department, in *Forman* v. *Udell* (267 App. Div. 823): " In the interest of justice and to avoid a multiplicity of litigation, all the issues should be litigated in the same action, and the issues between the appellant [against whom a cross complaint for liability over had been asserted] and respondents [the defendants who were sued and who asserted the cross claim] determined in accordance with the theory or theories of liability adopted by the jury, assuming that there be a verdict for plaintiff. An independent and subsequent action by respondents would involve a retrial and, possibly, an attempt to discern the theory of the original jury. All the issues should be determined in accordance with appropriate instructions by the court."

Submit orders.