HAROLD PALLY et al., Plaintiffs, *v.* F. W. WOOLWORTH & Co. et al., Defendants.

City Court of the City of New York, Special Term, Kings County, February 2, 1949.

*James E. Kelliher* for Joseph Schifferdecker, defendant.

*Galli & Locker* for F. W. Woolworth & Co., defendant.

*Milton M. Levin* for plaintiff.

BENJAMIN, J. The codefendant Joseph Schifferdecker, moves to strike out the cross complaint of the defendant F. W. Woolworth & Co., pursuant to subdivision 5 of rule 106 of the Civil Practice Act, for failure to state facts sufficient to constitute a cause of action.

The complaint in the action alleges that while the plaintiff was shopping in the store of F. W. Woolworth & Co., she was set upon and bitten by a dog, owned by the codefendant, Joseph Schifferdecker, which dog it is alleged was known by both defendants to be of a ferocious and vicious disposition.

The defendant F. W. Woolworth & Co., in its answer interposes a cross complaint as against the codefendant, Joseph Schifferdecker, pursuant to section 264 of the Civil Practice Act. In substance, the cross complaint alleges: That if the plaintiff sustained the alleged injuries, said injuries were not caused by any carelessness or negligence on its part, and/or if the facts as alleged in the complaint are proven and a recovery is had as against F. W. Woolworth & Co., then, the codefendant Joseph Schifferdecker is or will be primarily responsible therefor and liable over to the defendant, F. W. Woolworth & Co., by provision of law.

The court is of the opinion from the facts alleged in the pleadings, that the defendants are not such joint tort-feasors *in pari delicto* as to bar this cross complaint. While common-law tort-feasors are entitled only to contribution under and pursuant to the provisions of section 211-a of the Civil Practice Act, the law does make a distinction between such persons whose active participation brought about the injury and those whose negligence, if any, constitutes merely a passive act of non-feasance in failing to take appropriate measures to guard against the happening of the event. (*Iroquois Gas Corp.* v. *International Ry Co.,* 240 App. Div. 432.)

The primary cause of the injury sued for herein was bringing a dog of vicious propensities into this store. This would be the negligence of the owner of the dog. The storekeeper is not an insurer. Its liability, if any, would consist only in having failed to take reasonable precaution to guard customers against dogs of known vicious propensities. (*Andrews* v. *Marsh Co.,* 283 Mass. 158.)

The failure to exercise this duty is not of such quality as distinguished from quantity of common-law negligence as to constitute the Woolworth Company *in pari delicto* with the owner of the dog.

The motion, accordingly, to dismiss the cross complaint is denied.