**SHEPHERD v. POPULAR PUBLICATIONS, Inc.**

United States District Court
S. D. New York.

May 25, 1950.

Becker, Berman & Odell, New York City, for plaintiff.

Swiger, Chambers, Kelley & Harragan, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

Plaintiff has moved for an order striking paragraphs 7 through 14 inclusive and paragraphs 16 through 20 inclusive of the defendant's answer.

■ Paragraphs 7 through 14 are captioned "second defense" to the complaint. The action was brought for defamation against the defendant, the publisher of a magazine of general circulation in the United States known as "Argosy". The alleged defamatory publication is an article entitled "I've Watched the Reds Sabotage Our State Department" which appeared in the December 1948 issue of defendant's magazine. Paragraphs 7 through 14, as pleaded by the defendant, take up approximately six pages of its answer. Apparently, this defense is based on the justification of *truth* of the alleged defamatory matter. If so, the defendant should allege the defense of truth simply; the evidentiary facts on which it is based should not be in the answer. There also appears in the second defense as it now stands argumentative statements, allegations against

third parties, and other matter which might be inadmissible at the trial.

■ The defense, as presently pleaded, violates the requirement of the Federal Rules of Civil Procedure that a pleading shall be simple, concise and direct.

Rule 8(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides in part: "*Defenses; Form of Denials.* A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies * * *"

Rule 8(e) (1) further provides that: "Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required."

■ Furthermore, the defense is replete with redundant and immaterial matter and violates the requirements of Rule 12(f). The pleadings in the Federal Court have the function of mere notice giving. Ample provision is made in the Rules for obtaining the detailed facts concerning the allegations of the complaint and answer. Provision is made for depositions, admissions, pre-trial hearings. The Rules contemplate simplicity and brevity with respect to the pleadings and other forms, Rule 84. Indeed, in the Appendix of Forms, annexed to the Rules, form 20 indicates the simplicity with which affirmative defenses are to be pleaded. Paragraphs 7 to 14 which are contained in the defendant's second defense are highly verbose and are accordingly ordered stricken and leave is granted to the defendant to plead the defense in short and plain terms as contemplated by the Rules. Hindleman v. Specialty Salesman Magazine, Inc., D.C.N.D.Ill. 1940, 1 F.R.D. 272.

■ Plaintiff next requests that paragraph 16 of the answer be stricken as an insufficient defense as provided by Rule 12 (f). Paragraph 16 is entitled and reads as follows:

"For a Fourth Separate and Complete Defense Herein, Defendant Alleges:

"16. That the statements upon which this action is based were sufficient to induce a correct and reasonable belief that facts existed which affected a sufficiently impor-

tant public interest, and that such public interest required the communication of such statements to the citizens of the United States."

The defendant claims that this defense is authorized by several sections in the Restatement of the Law of Torts which provide:

"Sec. 596. *Common Interest.*

"An occasion is conditionally privileged when the circumstances are such as to lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that facts exist which another sharing such common interest is entitled to know.

"Sec. 598. *Public Interest.*

"An occasion is conditionally privileged when the circumstances induce a correct or reasonable belief that

"(a) facts exist which affect a sufficiently important public interest, and

"(b) the public interest requires the communication of the defamatory matter to a public officer or private citizen and that such person is authorized or privileged to act if the defamatory matter is true."

Though these statements may appear broad enough to permit the defense alleged in paragraph 16, an examination of Section 596 shows that the conditional privilege granted under that Section exists only as to a small group having a common interest, and that the limit that this Section covers is stated in subsection (d) to be "Members of religious, fraternal and charitable associations." The Section does not even intimate that there could be a conditional privilege where the publication is made to the general public, as in this case. Section 598 on its face permits publications of defamatory matter only to one who has authority to act, and the text following the rule states that "the rule stated in this Section does not afford a privilege to publish false defamatory statements of fact about public officers * * *." The publication alleged in the complaint could not constitute a privileged occasion within the scope of these Restatement Rules, nor within the scope of Sections 594 or 595 re-

ferred to by the defendant. There is no basis in law for alleging that a widespread publication of defamatory matter which is reasonably believed to be true and which affects the public interest is conditionally privileged. Therefore the motion to strike paragraph 16 is granted.

 Plaintiff's remaining request is that the Court strike paragraphs 17 to 20 inclusive of defendant's answer since these are admittedly partial defenses and since the Federal Rules do not provide for partial defenses. The Court believes that this contention has little merit. Rule 12(f) allows the Court to strike only insufficient defenses. Partial defenses are not insufficient. These defenses are substantive rights limiting the plaintiff's cause of action. The State rules provide for pleading partial defenses and it is reasonable to conclude that the "defenses" referred to in the Federal Rules mean whole or partial defenses, as long as they are otherwise sufficient. The motion to strike paragraphs 17 through 20 inclusive is denied.

An amended answer may be served within ten days after service of a copy of the order.

Settle order in accordance with this decision.