**LANE v. CELANESE CORP. OF AMERICA (PRECISION CASTINGS CO., Inc., third-party defendant).**

**HALE v. CELANESE CORP. OF AMERICA (PRECISION CASTINGS CO., Inc., third-party defendant).**

Civ. Nos. 3606, 3607.

United States District Court
N. D. New York.

Argued Sept. 11, 1950.

Submitted Oct. 11, 1950.

Decided Oct. 26, 1950.

Julian W. Edgcomb, Syracuse, N. Y., for Agnes M. Lane, as administrators, etc.

Deegan, Pirro, Edgcomb & Mead, Syracuse, N. Y., for Edith H. Hale, as administrators, etc.

Hancock, Dorr, Ryan & Shove, Syracuse, N. Y., for defendant and third-party plaintiff.

Hiscock, Cowie, Bruce, Lee & Mawhinney, Syracuse, N. Y., for third-party defendant.

BRENNAN, Chief Judge.

Motions are made herein to vacate an order permitting the service of third-party complaints, and to dismiss such complaints because of legal insufficiency.

The pleadings in these actions are substantially identical. The issues are similar as are the motions which are separately made in each case, and will be disposed of together. For convenience the plaintiffs will be hereinafter referred to as "plaintiff", the defendant and third-party plaintiff

as "Celanese", and the third-party defendant as "Precision".

On October 18, 1949, two employees of Precision while in the course of their employment received injuries which resulted in their deaths. The accident was the result of the employees coming in contact with burning hydraulic fluid used by Precision in its business of die-casting at Fayetteville, New York.

These actions were subsequently started against Celanese to recover money judgments on account of the deaths of said employees, and on account of their conscious pain and suffering. The burden of the complaints is that Celanese is the manufacturer and distributor of a hydraulic fluid known as "Lindol" or "Lindol HFX", which was intended for use in producing hydraulic pressure in die-casting machines; that Celanese sold and delivered such product to Precision with the knowledge that same was intended to be used in its business as above described; that the product was of an inflammable nature; inherently dangerous; and that said manufacturer failed to warn the users of the character of its product and neglected to use the degree of care required in its manufacture and distribution.

Under the provisions of Rule 14 of the Federal Rules of Civil Procedure, 28 U.S. C.A., Celanese applied for an *ex parte* order permitting the service of a third-party complaint upon Precision. The order was granted, and these motions apply to the pleadings subsequently served.

An examination of the third-party complaints show that Celanese seeks to recover over against Precision on two separate causes of action. Paragraph V of the complaints contains the basis of its first cause of action, and is quoted below: "V. At the time of each such agreement to sell and sale of said hydraulic fluids, and as a part of the consideration for each such agreement to sell and sale, the third-party defendant expressly promised and agreed to assume all risk and liability whatsoever resulting from the use of such hydraulic fluids, whether used singly or in combination with other substances."

530

Its second cause of action is based upon allegations which in substance allege that Precision at all times had knowledge of the inflammable characteristics of the product purchased from Celanese; that in fact, it had conducted its own tests to determine such characteristics; that said product was found to be satisfactory for Precision's purposes. It is further alleged that any injuries not caused by the negligence of the decedents was caused by the active, primary and original negligence of Precision, in that it failed to operate, maintain or keep in repair its die-casting machinery, and the hydraulic piping systems thereof; and that it failed to provide proper safeguards to prevent hydraulic fluid from coming in contact with its furnaces, and that it failed to safeguard its employees from dangers inherent in the die-casting process.

Precision makes these motions in which the plaintiff joins. The plaintiff asserts no claim against Precision, and it is evident that same would be barred by the Workmen's Compensation Law of the State of New York, McK.Consol.Laws, c. 67.

[1-4] A principal purpose of Rule 14 is to dispose of all related matters in one litigation and to avoid unnecessary trials and duplication of evidence. Its provisions are addressed to the discretion of the Court to be exercised in the light of its purpose. Upon these motions the allegations of the pleadings must be taken as true, and the substantive law of the State of New York must be followed.

The case of Brown v. Cranston, 2 Cir., 132 F.2d 631, 148 A.L.R. 1178, has decided that a right of a defendant to recover over is in effect a substantive right, and the rule may not be construed as to afford a recovery not available in the New York State courts. Recourse must then be had to state law to determine the sufficiency of the third-party complaints. See also Kittleson v. American Dist. Telegraph Co., D.C., 81 F.Supp. 25.

The first cause of action alleged in the third-party complaints is based upon contract. Since plaintiff's right to recover against Celanese is based upon negligence, then Celanese may only recover over against Precision if the complaints show a contract which indemnifies Celanese against its own negligence.

The state court. rule applicable here is that such a contract is to be strictly construed against the indemnitee. This rule is expressed by the requirement that the intention to indemnify must be " * * * expressed in unequivocal terms." Thompson-Starrett v. Otis Elevator Co., 271 N.Y. 36, 2 N.E.2d 35, 37. The U. S. Circuit Court of Appeals for the Second Circuit has recognized such requirement in Mostyn v. Delaware L. & W. R. Co., 160 F.2d 15, in which the Court says that such a contract to indemnify effectively against a fault in which the indemnitee shares, " * * * must express, that purpose beyond any peradventure of a doubt." 160 F.2d at page 19. See also cases cited therein. With this rule in mind an appraisal of the allegation under consideration here plainly shows that same is deficient, assuming that both Precision and Celanese may be considered as joint tort feasors as that term is ordinarily used and understood. Unlike the agreements in both cases cited above, the contract contains no certain language of indemnification.

As to this phase of the motions the decision might end here, except that an examination of New York State authorities show that the rule as above enunciated is not applied with the same rigidity when it is shown that the negligence of the indemnitee may be termed passive and that of the indemnitor as active. Dudar v. Milef Realty Corp., 258 N.Y. 415, 180 N.E. 102; Schwartz v. Merola Bros. Const. Corp., 290 N.Y. 145, 48 N.E.2d 299; Kingsland v. Erie Co. Agricultural Society, 298 N.Y. 409 at page 433, 84 N.E.2d 38, 10 A.L.R.2d 1.

No satisfactory definition of "active" and "passive" negligence is found. In Mostyn v. Delaware L. & W. R. Co., supra, there is an intimation that passive negligence may mean nothing more than imputed negligence but the state court decisions indicate that the term is broader in its scope. Until the terms are authoritatively defined this Court will assume that passive negligence exists under circumstances where a

legal liability arises through the fault of an actual wrongdoer whose misconduct has brought about such liability.

The problem then is to determine from the pleadings whether or not evidence may be offered which would support a finding that in this case the negligence of Celanese was passive and that of Precision active. If the pleadings are strictly construed, the Court is inclined to the belief that only active negligence on the part of Celanese is alleged in the main complaint. The rule to be applied as to the construction of the pleadings on this motion is however one of liberality. The Supreme Court in Hickman v. Taylor, 329 U.S. 495 at page 501, 67 S.Ct. 385, 91 L.Ed. 451, recognizes that pleadings are restricted to the task of giving general notice as to the nature of the claim. See also Shepherd v. Popular Publications, Inc., D.C., 10 F.R.D. 389. This Court, therefore, does not feel justified in concluding that the trial court would bar out the type of evidence which might establish only passive negligence on the part of Celanese.

The principal allegations of the second cause of action in the third-party complaint have been above referred to. In addition, there is incorporated in the second cause of action all of the allegations contained in the first cause of action. Therefore, in addition to the alleged contract of indemnity, there are found allegations tending to show that Precision was the primary active wrongdoer, and that Celanese was free from any negligence. It is recognized that New York State substantive law denies contribution among joint tort feasors, but Celanese urges that the pleading brings it within the rule recognized in New York State that, even in the absence of an effective indemnity agreement, recovery over may be had against the actual wrongdoer by one who has been held liable to a third person under circumstances where such li-

ability is based upon his passive negligence. Scott v. Curtis, 195 N.Y. 424, 88 N.E. 794, 40 L.R.A., N.S., 1147; Schwartz v. Merola Bros. Const. Corp., supra, 290 N.Y. at page 155, 48 N.E.2d 299; Goodard v. Shasta S. S. Co., D.C., 9 F.R.D. 12 and cases cited on page 17.

Rule 14 indicates by its language that the third-party complaint is not required to show with certainty a right of recovery over. This Rule is similar to the state court rule, but state court precedents as to the sufficiency of the pleading are of doubtful value here.[1]

A cause of action is required to be alleged in the complaint under New York practice while in this Court the pleader need only show that he is entitled to relief. The application of this requirement is guided by the often-quoted statement in Leimer v. State Mutual Life Assur. Co., 8 Cir., 108 F.2d 302 at page 306; viz.: " * * * we think there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim."

In Paragraph XI of the third-party complaints an admission that the product which is involved in this litigation is in fact inflammable may be inferred. The allegations of the main complaint to the effect that the contemplated use of the product required that it should be non-inflammable (Par. Eleventh); the allegations of the third-party complaint that Precision was the primary wrongdoer (Par. XII), together with the notice that Celanese seeks to litigate with Precision its right to indemnity upon both the contractual and common law theory, (Par. VII Third-Party Complaint), and the admission would seem to afford a basis for the admission of evidence which would establish the relative negli-

1. It is difficult to reconcile New York State Court holdings: Schaller v. Republic Aviation Corp., 193 Misc. 60, 83 N.Y.S.2d 540; Triglianos v. Henry Moss & Co. Inc., 189 Misc. 157, 71 N.Y.S.2d 618; Pally v. F. W. Woolworth Co., 194 Misc. 211, 88 N.Y.S.2d 378; Del Longo v. Bennett-Brewster Co., 192 Misc. 426, 80 N.Y.S.2d 901; Green v. Hudson Shoring Co. Inc., 191 Misc. 297, 77 N.Y.S.2d 842; Verder v. Schack, 191 Misc. 935, 79 N.Y.S.2d 700; Cosgrove v. City Ice & Fuel Co., 275 App.Div. 1030, 92 N.Y.S.2d 392; McLaughlin v. City of Syracuse, 269 App.Div. 382, 56 N.Y.S.2d 594.

532

gence both of Precision and Celanese. This Court cannot say with certainty that Celanese may not establish its right of recovery over. That decision must await the receipt of evidence, the nature and extent of which at this time would be a matter of speculation.

The Court is impressed that Rule 14 contemplates that here Celanese may deny any negligence on its part as a defense to the plaintiff's action. It may at the same time, without admitting fault, place itself in a position so that, if passive negligence on its part is shown as a fact, it still retains its right to recover over. To hold otherwise would require an admission of liability to the plaintiff and would unduly restrict the use of the Rule.

The sufficiency of a pleading must, of course, depend upon its allegations, so that precedents are rarely controlling since they seldom contain the allegations in full. They may be helpful, however, in determining the trend of judicial decision in the application of recognized rules. Moore's Federal Practice, Second Edition, Vol. 3, commencing at page 403, discusses the problems encountered in these motions, and the cases cited therein, together with those set out below, are relied upon by the Court for the decision here. Carlisle v. S. C. Loveland Co., 3 Cir., 175 F.2d 418 at page 421; Jones v. Waterman S. S. Corp., 3 Cir., 155 F.2d 992 at page 997; Corrao v. Waterman S. S. Corp., D.C., 75 F.Supp. 482; Balcoff v. Teagarden, D.C., 36 F.Supp. 224; Crim v. Lumbermen's Mut. Casualty Co., D.C., 26 F.Supp. 715 at pages 718-719.

The case of Wise v. Stockard S. S. Corp., D.C., 79 F.Supp. 917, has not been overlooked. There the court found that it was alleged in effect in the third-party complaint that the third-party plaintiff and defendant were joint tort feasors. That is not the situation here.

The objection that the denial of the motions will inject the question of workmen's compensation into the case is without substance. Westchester Lighting Co. v. Westchester C. S. E. Corp., 278 N.Y. 175, 15 N. E.2d 567; Schaller v. Republic Aviation Corp., 193 Misc. 60, 83 N.Y.S.2d 540; Rappa v. Pittston Stevedoring, Corp., D.C., 48 F.Supp. 911.

 It would seem in the interest of justice to have all interested parties present where the nature and extent of the negligence proven can be determined, and the possible inconsistent results of two trials be avoided. There is every practical reason to conclude that the motions should be, and they are, denied.