Joseph A. Lichtehthal, J.
This is a motion by the third-party defendants to dismiss the third-party complaint because of legal insufficiency and also upon the ground that the third-party defendants are not parties who are or may be liable to the third-party plaintiff.
The main action is brought by the plaintiff broker to recover commissions both upon an agreement and on quantum meruit for services rendered in connection with the sale of a parcel of real estate owned by the defendant and third-party plaintiff. In the third-party complaint the defendant , third-party plaintiff — (as owner) seeks to recover over from the third-party defend *989 ants (buyers) upon the theory that if she is liable to the plaintiff broker for commissions, then the buyers are in turn liable to her because of the fact that the contract of sale entered into between the parties recited that: ‘ ‘ The parties agree that no broker brought about this sale.” The gravamen of the third-party complaint is grounded in fraud and alleges that the buyer fraudulently represented to the seller that no broker brought about the sale and that in reliance upon such fraudulent representation, she entered into the contract of sale with the buyers.
In opposing the motion to dismiss, the third-party plaintiff has cited in her memorandum of law two cases, but the court finds these cases are clearly distinguishable from the facts in the case at bar and, consequently, are here inapplicable. In the case of Salzberg v. Raynay Holding Corp. (188 Misc. 1009) the opinion of the court demonstrates that in the contract of sale there was a representation by the buyer only that no broker brought about the sale and, similarly, in the case of Soranno v. Koppers Co. (10 A D 2d 889, affd. 9 N Y 2d 658) the record on appeal clearly indicates that the contract of sale contained the following language: ‘ ‘ buyer represents that no real estate broker or agent brought about this sale and that the sale was negotiated by employees of Buyer and Seller ”. However, in the case at bar, not only did the buyers represent that no broker brought about the sale, but in addition thereto, the seller — third-party plaintiff — also represented that no broker brought about the sale, so that we find a representation by both parties to the effect that no broker was instrumental in bringing about this sale.
In the light of the afore-mentioned, it is quite apparent to the court that there can be no reliance upon any alleged fraudulent representation by the buyers, as alleged in the third-party complaint, because of the afore-mentioned statement, and under such circumstances the court is of the opinion that the rule enunciated in the case of Sylvester v. Bernstein (283 App. Div. 333, 336, affd. 307 N. Y. 778) is here appropriate. “ The law is well settled that one to whom an alleged false representation is made may not rely thereon under the following circumstances: ‘ if the facts represented are not matters peculiarly within the party’s knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations. (Baily v. Merrell, Bulstrode’s Rep. Part TIT, p. 94; Slaughter v. Gerson, 13 Wall. 383; Chrysler v. Canaday, *990 90 N. Y. 272.) ’ (Schumaker v. Mather, 133 N. Y. 590, 596.) ” (See, also, 24 N. Y. Jur., Fraud and Deceit, § 176.)
Accordingly, the motion by the third-party defendants to dismiss the third-party complaint is granted, with leave to the third-party plaintiff to serve an amended third-party complaint, if so advised, within 10 days after the service of a copy of the order to be entered herein with notice of entry. Submit order on notice.