G-eobge A. Abkwbight, J.
This is a motion to dismiss the third-party complaint herein pursuant to rule 106 of the Buies of Civil Practice for the failure to state sufficient facts to constitute a cause of action against the third-party defendant.
The complaint of the plaintiff in the main action alleges that while he was employed in the course of the construction of a housing project in the Borough of Brooklyn he came into contact with a pipe or conduit and was injured by a fall. The pipe or conduit was installed by the defendant Martin Epstein Company, Inc., an electrical subcontractor. Plaintiff’s complaint charges, in substance, that the said subcontractor installed the said pipe or conduit in a careless or unsafe manner so that the same extended or projected, constituting a nuisance, a menace and a trap for employees of other contractors lawfully working at said location; that said defendant failed to give any notice or warning of said dangerous and defective condition; failed to *278 supply and maintain proper and adequate barriers and other protective devices in and around the exposed projecting pipe and conduit.
Martin Epstein Company, Inc., as third-party plaintiff, served a third-party complaint upon C. E. Youngdahl & Co., Inc., another contractor and plaintiff’s employer, in which it charges Youngdahl with the failure to furnish the latter’s employees with a safe place to work; failure to properly supervise their work, in failing to erect barricades and guards to prevent injury to its employees or otherwise warn its employees of the dangerous condition. The challenged pleading then states that the foregoing charges of negligence against the third-party defendant constitute primary, active and affirmative negligence; that any acts of negligence of the third-party plaintiff are merely secondary and passive and that therefore the third-party plaintiff is entitled to indemnification from the third-party defendant.
The third-party plaintiff urges that its right to indemnification cannot be determined at Special Term from the pleadings but must await development of the evidence upon the trial. But the difficulty with that position is that the main complaint here charges the defendant with the creation of a nuisance or trap. That and all the other specifications of negligence against the defendant third-party plaintiff are clear charges of active negligence only. Where there is no express agreement for indemnification there is no right of indemnity in favor of one contributing to the plaintiff’s injury by his own active negligence. Even if the third-party defendant was negligent in failing to provide a safe place to work or in failing to properly barricade the exposed pipe and thus contributed to causing the plaintiff’s injuries, the most that could be found by the trier of the facts is that the third parties herein, together, were joint tort-feasors in pari delicto. Under such circumstances there is no right to a claim over. (Edwards v. Sophkirsh Holding Corp., 280 App. Div. 168, affd. 301 N. Y. 850; Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, affd. 298 N. Y. 686; Valdale Apts. v. Ercito Mazzella Constr., 115 N. Y. S. 2d 59.)
There are no allegations of fact in the main complaint nor in the third-party complaint from which it might be found that the third-party plaintiff was passively negligent. Accordingly, the third-party complaint is legally insufficient. (Green v. Hudson Shoring Co., 191 Misc. 297; Bennett v. Lambert, 82 N. Y. S. 2d 111.)
Motion granted. Settle order on notice.