William Lawless, Respondent, v. Board of Education, Central School District No. 1, Towns of Candor, Spencer, Caroline, Counties of Tioga and Tompkins, et al., Respondents.

Paul R. Van Etten, Third-Party Plaintiff-Respondent, v. Frank W. O'Connell, Inc., Third-Party Defendant-Appellant.

Third Department, December 4, 1958.

*Levene, Gouldin & Thompson (Paul C. Gouldin* of counsel), for third-party defendant-appellant.

*Eugene C. Gerhart* for William Lawless, respondent.

*Kramer, Wales & Robinson (Conrad E. Stearns* of counsel), for third-party plaintiff-respondent.

FOSTER, P. J. This is an appeal by a third-party defendant from an order of the Supreme Court which denied a motion to dismiss a third-party complaint upon the ground that it failed to state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4).

A statement as to the relationship of the parties is necessary for an understanding of the issues involved. The defendant Board of Education was having a new schoolhouse built for a Central School District. One O'Connell, Inc., was the general contractor and required, among other things, to construct, maintain and repair the foundation walls. One Van Etten was the electrical contractor and required to install electrical wiring and openings. Each had a separate contract with the Board of Education and no contractural obligations existed between them. Lawless, plaintiff in the main action against the Board of Education and Van Etten, was an employee of O'Connell, Inc., and he alleges that he sustained personal injuries as a result of a fall he suffered when a foundation wall crumbled beneath him as he was walking along it. He further alleges that Van Etten was negligent and responsible for his injuries because an employee of Van Etten, one Kerwan, removed a portion of the foundation wall in connection with running and placing certain electrical conduits, and in restoring and repairing the wall thereafter left the same in a defective and dangerous condition.

Van Etten is the third-party plaintiff and he seeks to recover over against the defendant O'Connell, Inc., in the event of a recovery against him. Stripped of its legal conclusions his complaint alleges that O'Connell, Inc., under its general contract, was obliged to supply recessed openings and chases in the foundation wall for electrical conduits and to restore the foundation wall after the conduits were installed. In his pleading he concedes that such work was done by his own employee Kerwan, but alleges that for such purposes Kerwan became the *ad hoc* employee of O'Connell, Inc.

On the basis of the foregoing we do not think that this is a proper case for pleading liability over by way of a third-party complaint. If the allegations of the third-party complaint are

accepted on their face, Kerwan was not acting as Van Etten's employee when he prepared the foundation wall for electrical conduits and restored the wall after the same were laid, and if such is the fact then the doctrine of *respondeat superior* is not applicable to Van Etten and he would not be liable. In the cases dealing with the concept of *ad hoc* servants, we find none in which the courts have taken the view that an employer is liable for the acts of an employee who has become the *ad hoc* servant of another for a specific work — except in some compensation cases that are not applicable to common-law liability. Even the cases cited by respondent do not sustain such a theory, in fact they indicate to the contrary that the test is who was the employer at the time the work was being done (*Ramsey* v. *New York Cent. R. R. Co.*, 269 N. Y. 219; *Irwin* v. *Klein*, 271 N. Y. 477). Control is perhaps the most important element to be considered. If the general employer retains control of his employee, he remains liable for his acts even though the latter may be doing the work of another. It is only when the employee is no longer under the control of the general employer, so that the relationship of master and servant is suspended, that the special employee becomes liable for his acts (*Cannon* v. *Fargo*, 222 N. Y. 321).

We therefore take a rather dim view of the third-party complaint so far as the foregoing principles are concerned. Concededly Kerwan was an employee of the third-party complainant and on his payroll; and we find no direct allegation that he was not under the control of the complainant, or had abandoned his employment at the time he did the work on the foundation wall. The allegation that he became the employee of the general contractor O'Connell, Inc., is merely a conclusion, not supported by any factual allegation except that the general contractor had the duty, under his contract, to properly prepare, maintain and restore the foundation wall. This was not sufficient as a matter of pleading, in our opinion, to destroy the presumption that Kerwan remained under the control and direction of his employer Van Etten. Under the situation disclosed by the pleadings the mere allegation that the general contractor had a duty to perform under his contract does not meet the issue, and indeed begs the question of the doctrine of *respondeat superior* as to Van Etten and his employee. It may well be that both O'Connell, Inc., and Van Etten were guilty of negligence, active and not passive, and hence were joint tort-feasors *in pari delicto*, but on such an assumption Van Etten has no claim over against O'Connell, Inc.; and the plaintiff Lawless of course

cannot sue his own employer so that if he has an action it can only be against Van Etten (*Putvin* v. *Buffalo Elec. Co.*, 3 A D 2d 805; *Labate* v. *Fort Tryon Apts.*, 2 A D 2d 960; *Focassi* v. *City of New York*, 14 Misc 2d 277).

The order should be reversed and the motion to dismiss the third-party complaint granted.

GIBSON, J. (concurring). The complaint specifically charges affirmative acts of negligence on the part of defendant and third-party plaintiff Van Etten, whereby a dangerous and defective condition was created. The additional allegations are of his negligent failure to properly repair and maintain, and of his negligent failure to warn " of such defect and such improper repairs ". These averments must, in context, be deemed to charge active negligence, since the defective condition was of defendant's own making. (*Central Hudson Gas & Elec. Corp.* v. *V. J. Costanzi, Inc.*, 281 App. Div. 905, citing *Schwartz* v. *Merola Bros. Constr. Co.*, 290 N. Y. 145, 156; *Focacci* v. *City of New York*, 14 Misc 2d 277, mod. 2 A D 2d 902.)

In this view of the pleadings, the questions regarding the supposed *ad hoc* employment are not reached.

BERGAN, J. (dissenting). We are reviewing a decision made at Special Term on the face of the pleadings; and when these pleadings are read literally it ought to be held that the Special Term was right in denying the motion to dismiss the third-party complaint. The main complaint, besides alleging his active negligence, alleges Van Etten's passive negligence, i.e., that he " suffered " and " permitted " a defective wall to exist and " gave no warning " of the defect, which the complaint also describes as a " nuisance ". If liability were ultimately to be imposed against Van Etten based only on that part of the plaintiff's complaint which pleads a passive failure to give warning; or because he suffered and permitted a nuisance to continue, based on the general responsibility that Van Etten had for this portion of the structure under his contract; and if the danger had actually been created by the O'Connell corporation, I would think there would be a good case of liability over.

The third-party complaint of Van Etten does not plead that Kerwan was Van Etten's employee, but, on the contrary, Van Etten pleads that O'Connell did the work and is responsible for the conditions that existed in the place where plaintiff claims he was hurt. It alleges that if plaintiff's injury was due to negligence it was the negligence of O'Connell, " his agents, servants or employees ". The third-party complaint further alleges that electric conduit channels in the foundation were

installed by Kerwan who "was for that purpose the employee of Frank W. O'Connell, Inc., the third-party defendant and not the agent or employee of defendant, Paul R. Van Etten".

This seems on its face a sufficient pleading of fact that Kerwan was O'Connell's employee; but in any event it is clearly not a concession that Kerwan was Van Etten's employee; and the omnibus allegation that this work was done by the O'Connell corporation "his [sic] agents, servants or employees" is a sufficient allegation that O'Connell did the work, to sustain the third-party complaint as a pleading.

It is true that the brief of the third-party plaintiff makes certain concessions; but such informal concessions are not only unsatisfactory generally when they run counter to a pleading upon which the court at Special Term has decided a motion, but specifically in this case it is not easy to see exactly what is factually conceded. The Van Etten brief says this: "It is conceded that Kerwan was sent to the job by Van Etten to install the electric conduit. Kerwan was, of course, on Van Etten's pay roll and in the first instance under the direct supervision and control of Van Etten. It was Kerwan who cut away a portion of the foundation wall preparatory to the installation of the electric conduit."

That Kerwan was "sent to the job" by Van Etten "to install the electric conduit"; and was "on" Van Etten's "pay roll"; and was "in the first instance" under Van Etten's direct supervision may mean many different things factually and the concession in this form does not necessarily mean that he was under Van Etten's control when he actually did the work; or that he was partly under Van Etten's and partly under O'Connell's control; nor is it necessarily inconsistent with the other allegation of the pleading of Van Etten which sets up that O'Connell did the work by "his agents, servants or employees".

If we are to act on a concession which runs contrary to a pleading, we ought to have it down plainly in writing and on the record; and a concession appearing in a brief as a facet of elaboration in an extensive argument is not a definite way of presenting a problem of pleading to a court. The opinion at Special Term indicates that decision was made on the way the pleadings were actually framed; and on that basis the Special Term was right. If there was a concession at Special Term of the kind suggested here there is no hint of it in the opinion or in the record.

Moreover, the Van Etten brief stresses the additional point which seems to me valid enough to sustain his pleading that,

660

entirely aside from responsibility for the creation of the danger, Van Etten is charged with passive negligence in failure to give warning of it.

If on the trial it were found that Van Etten had created the danger, there could be no liability over; or if the danger had been created by an employee carrying out work partly under Van Etten's control and partly under O'Connell's, Van Etten and O'Connell would no doubt be treated as joint tort-feasors and there would be no liability over because greater refinement of liability between such parties would not be practicable. But if O'Connell created the danger by any instrument it controlled and Van Etten was held liable because he did not correct it or give warning, there could be liability over.

In such an appeal as this we ought to read the pleadings in the same light the Special Term read them; and if we do that we should affirm.

HERLIHY and REYNOLDS, JJ., concur with FOSTER, P. J., GIBSON, J., concurs in the result, in a separate memorandum; BERGAN, J., dissents and votes to affirm, in a memorandum.

Order reversed, with $10 costs, and motion to dismiss the third-party complaint granted.