Jack Campbell, Plaintiff-Appellee, v. Joslyn Manufacturing and Supply Company, Defendant and Third Party Plaintiff-Appellee.

Joslyn Manufacturing and Supply Company, Defendant and Third Party Plaintiff-Appellee, v. Midland Constructors, Inc., a Corporation, Third Party Defendant-Appellant.

Gen. No. 65–19.

Third District.

December 15, 1965.

Matthews, Jordan, Dean & Suhler, of Aurora (Joseph T. Suhler and Roger W. Eichmeir, of counsel), for appellant.

Gray, Thomas, Wallace & O'Brien, of Joliet (Thomas Feehan, of counsel), for defendant and third party plaintiff-appellee.

ALLOY, P. J.

Midland Constructors, Inc., a Corporation, as third party defendant, appeals to this court from an order denying a motion to dismiss an amended third party complaint filed on behalf of Joslyn Manufacturing and Supply Company, original defendant, and third party plaintiff. Questions raised on appeal are solely based upon the pleadings in this cause and rulings thereon.

The original action filed by Jack Campbell as plaintiff sought to recover damages for personal injury sustained when plaintiff fell from a wooden pole while he was engaged in connecting electrical wires. Plaintiff was an employee of Midland Constructors, Inc., the third party defendant. The pole from which the plaintiff fell was manufactured and supplied by the third party plaintiff and original defendant, Joslyn Manufacturing and Supply Company. The original complaint of plaintiff alleges negligence in the manufacture and treatment of the pole in question by Joslyn Manufacturing and Supply Company and failure to inspect the pole for defects prior to delivery. Joslyn Manufacturing and Supply Company denied all of the allegations of the complaint and filed

a third party complaint against Midland Constructors, Inc. alleging that the negligence, if any, was active on the part of said Midland Constructors, Inc. and secondary on the part of Joslyn. The original complaint was filed on January 30, 1961. A motion to dismiss such third party complaint was filed and the motion was argued on March 29, 1961. On that date, the trial court entered an order dismissing the third party complaint but made no provision for filing of an amended third party complaint. On July 3, 1963, an order was entered granting leave to Joslyn to file an amended third party complaint against the same third party defendant, which amended third party complaint alleged that the negligence of the third party defendant was active and that that of the third party plaintiff, if any, was passive. A motion to dismiss was again made by said third party defendant which was denied by the trial court. The trial court then amended the order denying the motion to dismiss to further find that there was no just reason to delay the appeal of this question. The third party defendant, Midland Constructors, Inc., elected to stand on its motion to dismiss the amended third party complaint.

On appeal in this cause, appellant contends that the trial court committed error in granting leave to Joslyn to file the amended third party complaint for the reason that the original order of March 29, 1961, dismissing the original third party complaint without granting leave to amend constituted a conclusive adjudication of the rights of the parties as to indemnification of Joslyn and further that the court was without jurisdiction to grant leave to file an amended third party complaint more than thirty days after entry of the order dismissing the original third party complaint. Appellant also contends that the trial court erred as a matter of substantive law in refusing to grant the motion to dismiss the amended third party complaint since the original complaint and the third party complaint show on their face that if defend-

ant-third party plaintiff Joslyn is guilty, it must be guilty of active negligence.

██ The first issue with which we are concerned is the propriety of the allowance of leave to file the amended third party complaint, by the trial court. It appears from the record that the order allowing the motion to dismiss on March 29, 1961, was not final in its nature. Under the provisions of section 25, chapter 110, Illinois Revised Statutes (Ill Rev Stats 1963, c 110, § 25(2)) it is specifically provided that a third party action may be brought by filing a third party complaint. Our courts have repeatedly concluded that where a motion to dismiss a complaint is sustained, for such ruling to become final, a judgment should be entered for the defendant to such complaint which contains language showing that plaintiff was to take nothing by virtue of his action or similar conclusive language. Under Section 50(2) of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 50(2)), it is provided that if multiple parties or multiple claims for relief are involved in an action, any order which adjudicates fewer than all of the claims or fewer than all of the claims of the parties does not terminate the action, and is subject to revision at any time before entry of an order adjudicating the claims of all the parties.

In the case of Johnson v. City of Rockford, 26 Ill App2d 133, 169 NE2d 534, there was an order of dismissal as to the City of Rockford. The court in decreeing that such order was not final, stated (at p 137):

> "Where the order merely sustains Defendant's motion to strike complaint without stating more, such order is not a final, appealable order . . ."

In Bohannon v. Ryerson & Sons, Inc., 15 Ill2d 470, 155 NE2d 585, where a verdict had been rendered in favor of a third party defendant on a third party complaint, the Supreme Court held that the action involved multiple

parties and was governed by Section 50(2) of the Civil Practice Act. The court stated (at p 475) :

> "More is here involved than an insistence upon ritualistic compliance with an empty procedural form. Nothing in the record as it now stands shows that the underlying liability of 'Third Party Plaintiff' upon which their third party claims were based has been established."

The court concluded that since all claims had not been disposed of and no finding had been made that the directed verdict was appealable, the judgment was not final, and was subject to revision at any time before disposition of all claims of all parties. Similarly, in the case of Krambeer v. Canning, 36 Ill App2d 428, 184 NE2d 747, the principal defendant filed a third party complaint which was dismissed on motion of the third party defendant on May 5, 1959. An Amended third party complaint was dismissed on October 22, 1959. In November 1960, third party plaintiff moved to vacate the order of October 22, 1959, and prayed in the alternative for an order amending that order to the effect that no just cause exists for delay of the appeal. On November 18, 1960, the court entered an order that no just cause exists for delay of the appeal and the appeal was taken but the Appellate Court dismissed the appeal without prejudice for want of a final order. On November 8, 1961, the trial court amended and made final the order of October 22, 1959, by finding the issues in favor of the third party defendant and that there was no just reason for delaying the appeal. The Appellate Court held that since the principal case involved multiple claims and fewer than all of the claims were referred to in the original dismissal order, the order was not final and appealable and was subject to revision at any time before the entry of an order, judgment or decree adjudicating all the claims, rights and liabilities of all the parties (citing

348

section 50(2), ch 110, Ill Rev Stats). The court pointed out (at p 432):

> "Throughout the period of time during which the third party plaintiff was asserting his claim for indemnification, this case was pending in some aspect in the Circuit Court and that court had jurisdiction to revise the order of October 22, 1959 and to make it a final judgment or order.
>
> . . . . . .
>
> "Since the case had been pending all this while and no prior final order had been entered from which an appeal could have been taken, the court had jurisdiction to revise the order. . . ."

█ In the case before us, the appellant-third party defendant itself apparently recognized the necessity of complying with section 50(2) of the Civil Practice Act and moved to amend the order denying its motion to dismiss the amended third party complaint to show that no just cause exists for delaying the appeal. The principal case is still pending and the defendant-third party plaintiff is still asserting its claim for indemnification against third party defendant. It was obvious that no words of finality were shown in the order. There were multiple parties involved, and there was no finding in the order dismissing the initial third party complaint that there was no just reason for delaying the enforcement of the appeal. In accordance with provisions of section 50(2) of the Civil Practice Act such order was subject to revision at any time and the court retained jurisdiction and could allow the amended third party complaint to be filed. We, therefore, conclude that the allowance of the filing of the amended third party complaint was proper.

█ The basic question before us in this appeal is whether the action of the court in denying appellant's Motion to dismiss the amended third party complaint

was justified. Appellant-third party defendant in this cause asserts that since plaintiff alleged specific acts of negligence against the original defendant (later third party plaintiff) there could be no basis for a third party complaint. The burden of such contention is substantially that plaintiff would be required to establish that defendant-third party plaintiff was guilty of active negligence before a recovery could be had against said defendant, and that, therefore, said defendant-third party plaintiff would have no basis for a third party complaint since such complaint could only be sustained if its negligence was passive in nature.

It has been asserted, with some justification in the past, that the entire field of third party practice has at times appeared to be in a state of confusion (Vol 46, Chicago Bar Record, No. 9, page 419, "A SECOND LOOK AT THIRD PARTY PRACTICE" by James W. Kissel). We believe, however, that our Appellate Courts have now clearly answered many of the questions and have outlined guideposts applicable in dealing with a situation such as appears in the instant case. In Moroni v. Intrusion-Prepakt, Inc., 24 Ill App2d 534, 165 NE2d 346, the court indicated that it was not necessary in a third party complaint for indemnity, to allege explicitly indemnitor's negligence, so long as a duty is raised and a failure to perform is alleged. The court, in essence, indicated that it is sufficient that the pleadings show a possibility of recovery, and that prior to hearing on the evidence, it cannot be said whether plaintiff is entitled to relief and, if so, who was primarily responsible.

In the case before us, Joslyn contends that its negligence, if any, was passive and secondary but that the negligence of Midland Constructors, Inc., which had sole possession and control of the pole at the time of plaintiff's injury, was the primary and active cause of plaintiff's injury. A case which we believe is a precedent which sustains the position of the trial court in denying

the motion to dismiss the amended third party complaint is Blaszak v. Union Tank Car Co., 37 Ill App2d 12, 184 NE2d 808. In that case, the Court stated (at pp 16, 18, 19) :

"Section 25 (2) of the Civil Practice Act provides that . . . a Defendant may by Third Party Complaint bring in as a Defendant, a person not a party to the action *who is or may be liable* to him for all . or part of the plaintiff's claim against him . . .

. . . . . .

"Shell contends Union is charged with active negligence, thereby precluding a right to recovery over . . . The pleadings here do not indicate whether the negligent acts complained of were active or passive in nature. 'It is the function of the jury to determine whether both defendants were guilty of negligence contributory to the harm: if so, to determine whether they were equally at fault in which event no right of indemnity arises. If, however, the jury finds that the fault of the third-party plaintiff was passive only and that the fault of the impleaded defendant was the primary cause of the harm, the latter will be held to indemnify the former in an action over.'

. . . . . .

"We cannot say here, prior to hearing evidence, that the negligence complained of in plaintiff's complaint is active or primary in nature."

The court there concluded that where any set of facts arise in a case where a third party claim is permitted, if the third party complaint sets forth a claim which may have substance, then the trial court should not dismiss the complaint in the pleading stage merely on the argument that there are allegations of active negligence in the original complaint against such third party plaintiff.

351

A determination as to whether the negligence is active or passive could not be made until all of the evidence is heard at the time of trial. After hearing the evidence, the trial court can then determine whether the third party should or should not be entitled to recover as a matter of law or whether the issue should be submitted to the jury for determination. There are obviously such factual questions to be determined by a jury in the instant case.

The allowance of the motion to dismiss the amended complaint filed by defendant-third party plaintiff would have been improper, and the action of the Circuit Court of Will County in denying such motion was consistent with the third party practice in effect in this state. The order of the Circuit Court of Will County will, therefore, be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.