Camille Gillette, Plaintiff, v. Clyde Todd and The Suburban Oil Company, a Corporation, Defendants.
Clyde Todd and The Suburban Oil Company, a Corporation, Defendants and Third-Party Plaintiffs-Appellants, v. Board of Education, School District No. 83, of Cook County, Illinois, a Municipal Corporation, Third-Party Defendant-Appellee.

Gen. No. 52,423.

First District.

February 24, 1969.

Richard C. Bleloch, of Chicago, for appellants.

Patrick J. Muldowney, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

ALLOY, P. J.

Camille Gillette, a school teacher, was injured at Mannheim School in Cook County when defendant, Clyde Todd, an employee of defendant Suburban Oil Company, a corporation (who was in the school on business), opened a door leading from the school gymnasium, causing the door to strike the plaintiff, Camille Gillette. She filed suit against Todd and Suburban Oil Company. Todd and Suburban Oil Company thereafter filed a third-party complaint against the Board of Education of School District No. 83, alleging that the injury to Gillette was due to active negligence of the school in designing, constructing, and equipping the door which caused the injury. The third-party plaintiffs prayed that if judgment be entered against them as defendants, that they in turn have judgment for a like amount against the school district and asserted that the negligence of said third-party plaintiffs was merely passive. On motion to strike filed by the school district, the trial court entered an order striking the third-party complaint and recited specifically that the third-party plaintiffs and the third-party defendant, the school district, would be joint tortfeasors and no contribution could be had.

The third-party plaintiffs, Todd and Suburban Oil Company (in addition to contentions relating to active-passive negligence) also contend that even if they would be considered guilty of active negligence or "contributory" negligence, the rule should be changed and the doctrine of comparative negligence should be adopted in this State. As to this contention relating to comparative negligence, the Supreme Court of this State in the case of Maki v. Frelk, 40 Ill2d 193, 239 NE2d 445, has refused to adopt the doctrine of comparative negligence, and indicated that such proposal should be submitted for legislative determination.

To sustain the order of the Circuit Court of Cook County, appellee-school district asserts that the trial

court was correct in dismissing the complaint for failure to state a cause of action for indemnity, in view of the fact that the school district would only have been passively negligent, and that Todd and Suburban Oil Company were actively negligent. The School District also asserts that the third-party complaint was barred by the statute of limitations since the action was not instituted within a period of a year, and since there was no notice served within the six-month period (1967 Ill Rev Stats, c 85, §§ 8–101, 102, 103).

It is alleged in the original complaint that Todd, an employee of Suburban Oil Company, was in the Mannheim School on October 28, 1963, in connection with the business of his employer which sold oil to the school. As Todd walked out of the gymnasium, he pushed open the door which swung out from the gymnasium. There were no windows in the door and nothing inside the gymnasium or outside where the door swung open, to warn anyone in the corridor outside the gymnasium that the door was being opened. When Todd opened the door, it struck Camille Gillette, the teacher, causing injury to her. Her action against Todd and Suburban Oil Company was based upon active negligence in opening the door without using due care.

The third-party complaint which was filed by Todd and Suburban Oil Company, after reciting the pendency of the action by Camille Gillette, charged the school with negligence based on improper design of the door, failure to provide a warning when the door was opened, failure to provide a door stop, failure to have a window in the door, failure to post warning signs inside and outside the door, and failure to install a buzzer or warning light. Third-party plaintiffs also alleged that their negligence, if any, was passive only, and the negligence of the school was active, and that, if a judgment was entered against the third-party plaintiffs, they should have judgment for a like amount against the school.

289

■ The trial court dismissed the third-party complaint assigning as grounds that the third-party plaintiffs were joint tort-feasors and were not entitled to contribution in Illinois. This rule of noncontribution between joint tort-feasors is not applied rigidly and in an inflexible manner. In Chicago & Illinois Midland Ry. Co. v. Evans Const. Co., 32 Ill2d 600, 208 NE2d 573, the court noted that this noncontribution rule is no longer followed rigidly in Illinois. The court in Sargent v. Interstate Bakeries, Inc., 86 Ill App2d 187, 229 NE2d 769, in a considered opinion, reviewed the history of the problem in Illinois and outlined the rule which has been followed in subsequent cases. The court stated (at page 197):

> "To alleviate the harsh results that would be caused by the uniform refusal to allow contribution, the courts of Illinois have developed indemnification as an exception to the rule. . . . At common law the cases in which indemnity was allowed involved a defendant held liable without personal fault, typically master-servant cases and cases where the defendant was subject to a nondelegable duty. Due to the restrictions on the right to contribution, indemnity was expanded to allow recovery to a party not completely free of fault. . . . Our courts now permit one tortfeasor to recover from another if there is a qualitative distinction between the negligence of the two. As it is commonly stated, a passively negligent tortfeasor may obtain indemnification from an actively negligent tortfeasor."

The entire theory is discussed at length in Muhlbauer v. Kruzel, 39 Ill2d 226, 224 NE2d 790. As a result of judicial precedents, we have a rule in this State that a party who is merely passively negligent may seek indemnity from one whose active negligence primarily caused the damage or injury.

There are times when it is difficult to determine whether the conduct of a party is active or passive. A number of cases have treated the problem where a plaintiff has been injured by a defective condition on the property owned by a certain defendant. The defendant-owner of the property has then shown that the condition causing the injury was caused by another defendant, and that the defendant-owner's only negligence was the failure to discover the defective condition. In such cases, the owner of the property has been found to be entitled to be indemnified by the defendant whose negligence caused the injury, on the theory that the negligence of defendant-owner was passive, while the negligence of the other defendant was active (Gulf, M. & O. R. Co. v. Arthur Dixon Transfer Co., 343 Ill App 148, 98 NE2d 783; Moroni v. Prepakt, Inc., 24 Ill App2d 534, 165 NE2d 346). A typical case involving active and passive negligence claims, was Harvan v. Arthur C. Trask Co., 47 Ill App2d 403, 198 NE 19. In that suit, Harvan sued Trask as a result of the injuries sustained when a wall fell upon him while he worked on Trask's property. Trask brought in Pennoyer who was loading empty barrels on the Trask property and in so loading caused the wall to fall. Trask successfully alleged that his negligence was passive while that of Pennoyer was active. A similar situation existed in D'Amico v. Moriarty Meat Co., 47 Ill App2d 63, 197 NE2d 445.

In the case before us we have the converse of the situation which arises in the typical case where the landowner is sued. In the instant case, the defendants whose physical act caused the injury (Todd and Suburban Oil Co.) were made original defendants. They seek to bring in the owner of the property as a third-party defendant. Todd and Suburban Oil Co. can only be justified in bringing in the school district as a third-party defendant if there is a possibility that the school might be

291

required to indemnify the third-party plaintiffs in the event judgment is entered as against them. As stated in Muhlbauer v. Kruzel, supra, at page 229:

> "Section 25(2) of the Civil Practice Act permits a defendant to implead as a third-party defendant any person 'not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.' (Ill Rev Stats 1965, chap 110, par 25(2).) The purpose of this section is the same as that of Federal Rule 14 . . . which is 'to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third party defendant.' "

As stated in Muhlbauer v. Kruzel, supra (at page 230), "The section is not a device for tendering a new defendant to the plaintiff, nor does it create substantive rights. Consequently, a third-party complaint will be dismissed if it fails to state a cause of action by the defendant against the third-party defendant." The school district (in the instant case) could not be impleaded for indemnification purposes unless the Third-Party complaint and record disclosed facts showing a possibility of recovery, on the indemnification theory to which we have referred in this opinion, by Todd and the Suburban Oil Company as against the school district. From the record it is apparent that the conduct of Todd and Suburban Oil Company if found to be negligence in the principal action could only be classified as active negligence. Todd's action in physically pushing open the gymnasium door caused the door to strike and injure plaintiff. It is obvious from the record that it was not the condition of the door alone or of the corridor or gymnasium which caused the injury to plaintiff. It, at the very least, required the active, and potentially neg-

ligent, operation by Todd to cause the injury. If Todd and Suburban Oil Company were in fact guilty of active negligence, there could be no indemnity from the school district irrespective of whether the negligence of the school district was classified as active or passive (Chicago & Illinois Midland Ry. Co. v. Evans Const. Co., 32 Ill2d 600, 208 NE2d 573).

Courts of review have been reluctant to dismiss actions involving third-party complaints on the pleadings alone, where the issue was whether negligence was active or passive, unless it was clear from the pleadings that no recovery could be had against the impleaded third-party defendant. In Harvan v. Trask, supra, at page 408, the Appellate Court stated:

"Trask's third party action for indemnity involves factual questions, the resolution of which is ordinarily within the province of the jury, and prior to the hearing of evidence it would be difficult, if not impossible, for a court to say whether or not a third party complainant is entitled to relief."

In D'Amico v. Moriarty Meat Co., supra (at page 67), the third-party complaint was stated to require at least the showing of a "possibility of a recovery over." We have had occasion in this Court to consider this question in Campbell v. Joslyn Mfg. & Supply Co., 65 Ill App2d 344, 212 NE2d 512. We stated in such case (at page 351) that if the third-party complaint set forth a claim which may have substance, then the trial court should not dismiss the complaint in the pleading stage merely on the argument that there are allegations of active negligence in the original complaint against the third-party plaintiff. There must, however, be a factual allegation showing a possibility of recovery. As stated in Muhlbauer v. Kruzel, supra (at page 231), "We recognize that the policy of section 25(2) can be frustrated by a rigid and formal approach to the pleadings; nevertheless, a third-party complaint must disclose some relationship

upon which a duty to indemnify may be predicated." This means that the third-party complaint must disclose facts, and not conclusions, upon the basis of which a possibility of indemnification is shown.

██ If in this case facts were alleged which disclosed a possibility of recovery, dismissal on the pleadings alone would not have been proper. On the record before us, however, Suburban Oil Company and Todd obviously had no possibility of recovery as against the school district. Regardless of the proof as to how the injury actually occurred to Camille Gillette, it was still the physical act of Todd which primarily caused the injury (if recovery were allowed in the principal case). This would certainly be held to be active negligence. Even if the negligence of the school was also considered as "active," Todd and Suburban Oil Company would not be entitled to indemnity on their third-party complaint. If the original action had been against the school district, and it filed a third-party complaint as against Todd and Suburban Oil, then it would be necessary to hear the evidence to determine if the conduct of the school was active or passive on the basis of the record before us. It is clear, however, that there is no question but that the conduct of Todd and Suburban Oil Company (if found to be negligent) constituted active negligence and that the dismissal of such complaint was proper.

Although we believe there is merit in the further contention that the third-party complaint was barred by the statute of limitations, in view of our conclusion in this case, we find that it is not necessary to make a determination of such issue.

The order of the Circuit Court of Cook County will, therefore, be affirmed.

Affirmed.

STOUDER and SCHEINEMAN, JJ., concur.