WILLIAM LINDNER, Plaintiff-Appellee, *v.* KELSO BURNETT ELECTRIC COMPANY *et al.*, Defendants-Appellants—(KELSO BURNETT ELECTRIC COMPANY, Third-Party Plaintiff, *v.* ECONOMY PLUMBING AND HEATING COMPANY, INC., Third-Party Defendant.)

(No. 53784;

First District—June 4, 1971.

Frank Glazer, of Chicago, (Harvey A. Cohan and William T. Cormack, of counsel,) for appellants.

Clark C. King, Jr. and Thomas W. Dempsey, both of Lord, Bissell & Brook, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The trial court entered a judgment on the third-party complaint of *Kelso Burnett Electric Co. v. Economy Plumbing and Heating Company* that Kelso take nothing by its third-party suit and that Economy go hence without day. It likewise entered an express finding under Supreme Court Rule 304 (Ill. Rev. Stat. 1969, ch. 110A, sec. 304), that there existed no just reason for delaying an appeal from the order. The judgment resulted from the trial court's action in dismissing Kelso's second amended third-party complaint after which Kelso elected to stand by its complaint. Kelso appeals. It attacks the judgment order on the ground that (1) the second amended third-party complaint states a cause of action for indemnity under the active-passive negligence theory of indemnity and (2) that the trial court should not have dismissed its complaint without hearing evidence.

Kelso's principal complaint is that the trial court dismissed its third-party cause of action without hearing evidence. It predicates its argument on the citation of many cases where as a matter of fact the cases were tried to a conclusion. However, we believe it is clear from *Muhlbauer v. Kruzel,* 39 Ill.2d 226, 234 N.E.2d 790, which discusses the problem in depth, that the third-party practice has not seriously undermined well established principles of pleading. In *Muhlbauer,* p. 230, the Supreme Court stated: "Consequently, a third-party complaint will be dismissed if it fails to state a cause of action by the defendant against the third-party defendant."

■■ It recognized and cited the numerous decisions which have emphasized the difficulty of determining as a matter of law at the pleading stage that in no event would the defendant have an action over against the third-party defendant. Nevertheless, it squarely held that a third-party complaint must disclose some relationship upon which a duty to indemnify may be predicated. The passage of our statute authorizing third-party complaints (Ill. Rev. Stat. 1969, ch. 110, sec. 25 (2) ), does not emasculate the recognized purpose of pleadings that they must allege facts which establish a duty, the breach of which creates a cause of action. The pleadings in *Muhlbauer* alleged no facts showing relationship or circumstances that would give rise to a duty to indemnify. The Supreme Court affirmed the action of the First District Appellate Court and the trial court in dismissing the third-party complaint on the pleadings. In *Gillette v. Todd,* 106 Ill.App.2d 287, 245 N.E.2d 923, the Appellate Court affirmed the dismissal of a third-party complaint at the pleading stage. This was on the theory that the complaint showed on its face that in no event could the third-party plaintiff have recovery against the third-party defendant. This action is in keeping with the holding in *Miller v. DeWitt,*

37 Ill.2d 273, 226 N.E.2d 630, that the trial court should not have dismissed the third-party complaint unless it appeared from the pleadings that in no event would the architects have an action over against the contractor. To hold, therefore, that it was error *per se* to dismiss the third-party complaint on the pleadings without hearing the evidence is without merit and is contrary to the precise holdings of both the Supreme and Appellate Courts.

We do not deal with a contractural right to indemnify but with a claim of indemnity between two tort-feasors under circumstances where the indemnitee (Kelso) by hypothesis violated a duty that it owed to a third-party (the injured plaintiff) and has or will become liable to respond in damages for its breach of duty. By its action for indemnification it seeks to shift the loss to the indemnitor (Economy) upon the theory that the indemnitor has also violated a duty that it owes to the third party (the plaintiff). Before, therefore, there can be indemnification, there must be a qualitative distinction between the negligence of the two tort-feasors. This qualitative difference sometimes ascribes to the indemnitor (Economy) the primary liability and to the indemnitee (Kelso) the secondary liability or perhaps more appropriately that the indemnitor is guilty of active negligence and the indemnitee is described as guilty of passive negligence. Our problem, therefore, is to determine from these pleadings if we can whether or not Kelso was guilty of such negligence that it could in no event have an action over against the third-party defendant, Economy. (*Muhlbauer v. Kruzel*, 39 Ill.2d 226, 234 N.E.2d 790; *Miller v. DeWitt*, 37 Ill.2d 273, 226 N.E.2d 630; *Chicago & Illinois Midland Ry. Co. v. Evans Construction Co.*, 32 Ill.2d 600, 208 N.E.2d 573.) We must therefore determine whether the culpability of the two tort-feasors can be ascertained from the pleadings. If so and the culpability can be stated as a matter of law to be equal, the third-party suit fails. If likewise the conduct of the third-party plaintiff (Kelso) is the active or primary or more culpable cause of the injury, the third-party complaint likewise fails. *Sargent v. Interstate Bakeries, Inc.*, 86 Ill.App.2d 187, 229 N.E.2d 769.

The third-party complaint sets up that the plaintiff charged he was injured by reason of a breach of duty owed by the defendant Kelso to him when he utilized a certain scaffold, hoist or lift furnished by Kelso either under an oral contract or under alleged custom and usage of the building trade. Kelso in its answer to this complaint denied that it furnished a scaffold, hoist or lift to be used by the employees of Economy —plaintiff being an employee of Economy. If this answer is true and a jury so finds, then there is obviously no breach of duty by Kelso to the plaintiff and nothing to indemnify. The complaint likewise asserts that

there was a custom and usage in the construction industry whereby Economy's employees were permitted to use a scaffold, hoist or lift of Kelso and that by reason of such use, Economy owed a duty to Kelso to inspect said scaffolds, hoists or lifts prior to the use of said instrumentalities. It is this allegation alone which, under *Muhlbauer*, supplies any factual basis for any relationship of any kind or character between Kelso and Economy. The only duty to Kelso alleged to have been violated is that Economy owed a duty to inspect the scaffold prior to its use by the plaintiff.

■■ This court sitting in the Fifth District in *Shell Oil Co. v. Hercules Construction Co.*, 74 Ill.App.2d 166, 219 N.E.2d 392, under facts similar to those shown by this record, held that a failure to inspect a scaffold was sufficient to find liability under the Scaffold Act in a suit brought by the injured employee but did not come within the prohibition forbidding recovery as an active tort-feasor in a suit for indemnity against the one who built and erected the scaffold. In short, the court there held that the one who built and erected the scaffold was the active tort-feasor and a failure to inspect the scaffold established a status as a passive tort-feasor. In *Rovekamp v. Central Construction Co.*, 4 Ill.App.2d 441, 195 N.E.2d 756, the trial court dismissed a third-party complaint on the theory that the parties were each in violation of the Scaffold Act and thus on an equal footing. The original plaintiff was an employee of Heinz and was injured when he fell from a scaffold. He brought his suit against Central. Central was a general contractor. Heinz was a sub-contractor and built the scaffold. Central filed its third-party complaint against Heinz and the trial court dismissed. This was reversed on the theory that while Central was exposed to a technical statutory liability, Heinz was the primary tort-feasor and alone responsible for William Rovekamp's injuries. The complaint thus unquestionably stated a good cause of action and the motion to dismiss should have been denied. Rovekamp is cited with approval in *Miller v. DeWitt* and *Jones v. McDougal-Hartmann Co.*, 115 Ill.App.2d 403, 253 N.E.2d 581. In *Sack v. Arcole Midwest Corp.*, 33 Ill.App.2d 344, 179 N.E.2d 441, the trial court directed a verdict in favor of a third-party plaintiff (general contractor) against the third-party defendant (sub-contractor). The sub-contractor owned, designed and built a scaffold which caused injury to an employee because a guard rail was improperly and insecurely fastened. The employee recovered for his injuries and the general contractor thereupon sought indemnity from the sub-contractor. The general contractor had a superintendent on the job who had seen the scaffold and approved it. The court concluded however that the injury resulted from an activity within the sole control and responsibility of the third-party defendant and therefore the court

held the injury to be the result of an active misconduct as a matter of law.

From the authorities above cited, it seems clear that Economy can only be charged with secondary or passive negligence and that it is Kelso with whom the greatest culpability lies. It is Kelso whom the plaintiff charges furnished a certain scaffold, hoist or lift in violation of the Structural Work Act which resulted in the plaintiff's being thrown from the hoist to the ground and injured and that such violations were (a) failure to inspect the hoist or lift; (b) failure to secure a platform on the lift to prevent tipping; (c) placed or operated a lift with an unsecured platform; and (d) permitted or allowed the lift with an unsecured platform to be operated on the premises during the course of the construction. In its brief, Kelso concedes that the failure to discover an allegedly defective condition of the scaffold is merely passive conduct. This is the only charge against Economy from which any duty might be deduced and cites *Gillette v. Todd*, 106 Ill.App.2d 287, 245 N.E.2d 923. It asserts that the primary wrongdoing was Economy's failure to properly instruct its employees in the use of the scaffold, failure to properly supervise its employees in the use of the scaffold, and failure to inspect the scaffold. Thus, Kelso now says that it is the improper use of the scaffold by Economy which was the cause of the occurrence rather than a defect in the scaffold itself. In our judgment, the cases hereinabove cited have repeatedly determined that the one who erects, constructs, builds and maintains a scaffold may be the active tort-feasor as against one whose only duty to the third-party plaintiff is the duty to inspect, and the breach of which is passive rather than active. We have already observed that if Kelso was active, it cannot recover from Economy. If both were passive, Kelso likewise cannot recover because it cannot show a qualitative difference in culpability. Such being the case the complaint was properly dismissed and the judgment of the trial court should be and it is hereby affirmed.

Judgment affirmed.

TRAPP and CRAVEN, JJ., concur.