ANITA BURKE, Individually and as Admrx. of the Estate of Mark Joseph Burke, Plaintiff, *v.* SKY CLIMBER, INC., Defendants.

SKY CLIMBER, INC., Third-Party Plaintiff-Appellant, *v.* THE CHICAGO HOUSING AUTHORITY, Third-Party Defendant-Appellee.

(No. 57312;

First District (1st Division)—July 23, 1973.

Thomas W. Dempsey, Alvin E. Domash, and Hugh C. Griffin, all of Chicago, (Lord, Bissell & Brook, of counsel,) for appellant.

Jay A. Canel, Erwin I. Katz, and Joseph E. Fitzgerald, all of Chciago, (Canel & Canel, of counsel,) for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Anita Burke (plaintiff) brought action, individually and as administrator of the estate of her late husband, against Sky Climber, Inc. The latter filed a third-party action against the Chicago Housing Authority (CHA). On motion of CHA, the court dismissed the third-party complaint, as amended. Sky Climber appeals.

Plaintiff's amended complaint against Sky Climber alleged that the decedent was employed as a tuck-pointer by CHA. Sky Climber was in the business of manufacturing scaffolding equipment and systems. While decedent was performing his work on a building owned by CHA, a cable on the scaffold, manufactured by Sky Climber, broke and caused his death.

Counts I and III of plaintiff's amended complaint charged Sky Climber with negligence in:

A. Designing, manufacturing, assembling and distributing a scaffold system so as to cause death of decedent;

B. Failing to equip said scaffold with safe and adequate cables;

C. Failing adequately to inspect the scaffold before selling same to CHA;

D. Failing adequately to inspect the cables;

E. Failing adequately to test said scaffold before selling to CHA;

F. Failing adequately to test the cables on the scaffold system before selling same to CHA;

G. Failing to warn decedent of the defective condition of the cables;

H. Failing to equip the scaffold system with safe and adequate cable guides.

Count II of plaintiff's amended complaint against Sky Climber alleged a strict liability theory in that the scaffold manufactured, distributed and sold by Sky Climber was defective and unreasonably dangerous and caused decedent's death.

The second amended third-party complaint filed by Sky Climber seeking indemnity from CHA alleged that Sky Climber had manufactured and sold scaffolding equipment to CHA. This equipment had been out of the possession and control of Sky Climber for several years prior to the accident and was in the sole possession and control of CHA. Sky Climber had furnished instructions to CHA concerning proper maintenance and care of the equipment. It alleged that CHA was guilty of independent acts of primary and active wrongdoing and negligence which caused death of decedent as it:

1. Failed properly to maintain the equipment so as to make it defective and dangerous;

2. Failed to follow specific instruction manuals furnished with the equipment so as to make it defective and dangerous;

3. Permitted the equipment to become deteriorated, worn down and defective despite warnings and instructions from Sky Climber as to proper maintenance;

4. Failed to replace important parts of the equipment which had become worn down and deteriorated due to reasonable wear and tear despite warnings and instructions from Sky Climber as to how and when to replace these parts;

5. Failed to inspect important parts of the equipment which had become worn down and deteriorated due to reasonable wear and tear despite warnings and instructions from Sky Climber as to how and when to inspect these parts;

6. Failed to warn, instruct and supervise its agents, servants and employees as to how and when to inspect and replace important parts of the equipment which became worn and deteriorated from reasonable wear and tear despite warnings and instructions from Sky Climber;

7. Misused the equipment so as to make it defective and dangerous despite directions and instructions from Sky Climber;

8. Created a new and defective scaffold by its own acts, by misuse of the scaffold and its parts and by failure to maintain, inspect and repair the scaffold despite warnings and instructions by Sky Climber;

9. Was otherwise careless and negligent and guilty of wrongful misconduct in respects unknown to Sky Climber.

The third-party complaint therefore alleged that the conduct of Sky Climber was technical or passive misconduct while CHA was thus guilty of active negligence and misconduct, and more culpable wrongdoing.

In this court, Sky Climber contends that it is entitled to a trial on the merits if the pleadings show a possibility that its misconduct was less culpable than that of CHA; the order of dismissal must be reversed in that the pleadings show a possibility that Sky Climber could be proven guilty of passive negligence and CHA of active negligence; and Sky Climber's culpability under a strict liability theory would not preclude its action over for indemnity on a theory of active-passive misconduct. Sky Climber also contends that the decision in *Lindner v. Kelso Burnett Electric Co.*, 133 Ill.App.2d 305, 273 N.E.2d 196, cited and relied upon by the trial court in reaching its decision, does not support the order appealed from.

CHA argues in opposition that Sky Climber is guilty of active negligence as a matter of law; as an active tort-feasor it is therefore not entitled to indemnity and no act by CHA can impose liability on Sky Climber. It also urges that Sky Climber has no right of indemnity from CHA in connection with plaintiff's claim of strict liability because CHA was not a seller or distributor of the scaffold; although Sky Climber was in the distributive chain, CHA was not; and, finally, fault-weighing concepts should not be applied as a basis for indemnity in strict liability cases.

■■ Both sides have assisted the court with thorough and carefully written briefs and with helpful oral argument. Sky Climber opened the argument with a statement of three general principles, two of which are readily acceptable. The first valid principle is that the allegations in plaintiff's complaint should not be viewed by the court as the sole basis for determination of the legal sufficiency of the third-party complaint. (*Trzos v. Berman Leasing Co.*, 86 Ill.App.2d 176, 182, 229 N.E.2d 787.) The second basic principle is the general rule that the well pleaded allegations of the third-party complaint, as with other similar pleadings, are to be taken as true by virtue of the motion made by CHA to strike and dismiss. *Holiday Magic Inc. v. Scott*, 4 Ill.App.3d 962, 282 N.E.2d 452 and decisions therein cited.

The third general principle advanced by Sky Climber creates a slight problem which is primarily one of semantics. Sky Climber states that a third-party complaint for indemnity should not be dismissed unless it appears that in no event would the third-party plaintiff have an action over against the third-party defendant. It is correct that the phrase "in no event" was used by the Supreme Court of Illinois in precisely this type of situation. (*Miller v. DeWitt*, 37 Ill.2d 273, 287, 288, 226 N.E.2d 630.) It is also true that rather similar phrases have been used by reviewing courts of Illinois in describing the basis upon which we should approach analysis of the sufficiency of a third-party complaint for indemnity upon

interposition of a motion to dismiss. In *Gillette v. Todd*, 106 Ill.App.2d 287, 294, 245 N.E.2d 923, the court stated the requirement as being allegations in the third-party complaint "which disclosed a possibility of recovery." In *Blaszak v. Union Tank Car Co.*, 37 Ill.App.2d 12, 21, 184 N.E.2d 808, the court, quoting from *Lane v. Celanese Corp.*, 94 F.Supp. 528, 531, 532, stated the test as requiring that the third-party complaint not be dismissed for insufficiency "* * * except where it appears to be a certainty * * *" that the pleader would be entitled to no relief under any facts which could be proved in support of the claim.

■■ Rather than adopt any of these varying tests, we prefer to use the same standard applicable in considering the deficiency of any pleading as against a motion to dismiss. This test, with which lawyers of this jurisdiction are long familiar, is that "* * * a third-party complaint will be dismissed if·it fails to state a cause of action by the defendant against the third-party defendant." (*Muhlbauer v. Kruzel*, 39 Ill.2d 226, 230, 234 N.E.2d 790.) Note also further analysis of this question in 39 Ill.2d at 231 and the excellent comment upon the problem in *Lindner v. Kelso Burnett Electric Co.*, 133 Ill.App.2d 305, 306, 273 N.E.2d 196. See also *Maas v. Ottawa Stockdale Fertilizer, Inc.*, 9 Ill.App.3d 33, 35, 291 N.E.2d 514.

Proceeding now to analyze the sufficiency of the third-party complaint upon this basis, we must consider first Sky Climber's contention on the negligence phase of the case that plaintiff's complaint contains several allegations of negligence which could be merely passive and that upon trial these might be the only charges which plaintiff could sustain. Paragraph A of plaintiff's complaint charges in general language that Sky Climber designed, manufactured, assembled and distributed that scaffold system in such manner as to cause the death of the decedent. The remaining paragraphs designated as "B" to "H" inclusive all use the verb "fail" in describing the activities of Sky Climber. On the other hand, Sky Climber points out that its third-party complaint contains certain charges against CHA which may be construed as active negligence such as misuse of the equipment in question so as to make it defective and dangerous despite directions and instructions from Sky Climber (Par. 7) and creation of a new and defective scaffold by its own acts and by misuse of the scaffold and its parts. Par. 8.

■■ We cannot accept this exposition. We are impelled to agree with the position taken by CHA that Sky Climber is the manufacturer of the scaffold and therefore would be guilty of active negligence in connection with all of the allegations against it in plaintiff's complaint. Simple failure of a person in ordinary circumstances to discover a defect might be described as passive; but, in the type of situation shown here, where Sky

Climber itself is the manufacturer, it follows necessarily that the basis of the liability would be the active creation of the defect in the process of manufacture.

■■ As pointed out by CHA in its brief, a number of cases in this jurisdiction hold that the person who builds or assembles a scaffold improperly is guilty of active misconduct as against one whose relationship toward an injured party is passive as distinguished from active. In *Miller v. DeWitt*, 37 Ill.2d 273, 291, 226 N.E.2d 630, the Supreme Court quoted with approval from the language of the appellate court in *Rovekamp v. Central Const. Co.*, 45 Ill.App.2d 441, 449, 195 N.E.2d 756, where the court pointed out that a party who is responsible for the scaffolding in a construction project is more culpable than a party who supervises and coordinates the entire project. The same language is cited in *Jones v. McDougal-Hartmann Co.*, 115 Ill.App.2d 403, 407, 253 N.E.2d 581, where the court concluded that a subcontractor who ordinarily furnishes the equipment is generally an active party as compared to a contractor who exercises general authority over the entire project.

Nor can the force and effect of this principle be diverted from the situation at bar by Sky Climber on the theory that it did not actually assemble the scaffold at the site as in the situations above presented. The same theory was applied and the same result reached by the United States District Court in *Lopez v. Brackett Stripping Co., Inc.*, 303 F.Supp. 669. In that case, plaintiff recovered from the manufacturer of a machine. An indemnity action over by the manufacturer against plaintiff's employer for alleged active negligence in maintenance of the machine was rejected by the court. The same theory was applied that negligence in the manufacture of a product could not be classified as being of the passive variety.

■■ Under this analysis, all of the charges in the complaint of plaintiff against Sky Climber are of active negligence. Thus, if plaintiff recovers a judgment against Sky Climber, it would necessarily be predicated upon active negligence. This being true, it follows inevitably that Sky Climber would not be entitled to indemnity as against CHA. The qualitative culpability of both parties in this type of situation could only be equal. Where the negligence of a tort-feasor is active, there can be no recovery of indemnity regardless of whether the negligence of the third-party defendant is classified as active or passive. (*Gillette v. Todd,* 106 Ill.App. 2d 287, 294, 245 N.E.2d 923). See also *Stewart v. Mister Softee of Illinois, Inc.,* 75 Ill.App.2d 328, 221 N.E.2d 11, where the court formulated the general rule that "In a negligence action a third-party complaint will lie only where the alleged negligence of the third-party plaintiff is passive." 75 Ill.App.2d at 330.

The able and experienced trial judge stated specifically that he relied upon the decision in *Lindner v. Kelso Burnett Electric Co.*, 133 Ill.App.2d 305, 273 N.E.2d 196, in dismissing Sky Climber's third-party complaint. Upon careful analysis we agree with this position. In *Lindner*, plaintiff was employed by Economy, the third-party defendant. Defendant Kelso had furnished a hoist or scaffold which caused plaintiff's injuries. This court affirmed a dismissal of the third-party complaint by Kelso against Economy, plaintiff's employer. The court specifically held that the person who built and erected the scaffold was the active tort-feasor and that failure to inspect the scaffold, which was the only duty violated by Economy, was merely passive negligence. 133 Ill.App.2d at 309.

On the contrary, we must necessarily reject the contention of Sky Climber that *Mierzejwski v. Stronczek*, 100 Ill.App.2d 68, 241 N.E.2d 573, governs the case at bar. There, defendant leased a truck to plaintiff's employer. The vehicle was allegedly defective. Plaintiff brought action against the lessor who sought indemnity from plaintiff's employer. As pointed out by counsel for CHA, the situation there was different because plaintiff's employer as lessee was required to maintain the truck. No such duty was imposed upon CHA by contract with Sky Climber in the case at bar. In addition, in the cited case, the truck was not manufactured by the lessor. Consequently the action of the court in *Mierzejwski* in permitting indemnity is not at all inconsistent with the contrary result in the case at bar. We conclude that the court acted properly in refusing indemnity with reference to the negligence aspects of the case at bar.

The next and last issue raised by Sky Climber pertains to those aspects of the third-party complaint which are concerned with indemnity regarding the alleged strict liability of Sky Climber to plaintiff. The theoretical basis for strict liability in connection with products has been stated many times commencing with *Suvada v. White Motor Co.*, 32 Ill.2d 612, 210 N.E.2d 182. Plaintiff's complaint in Count II alleged that the scaffold system manufactured, distributed and sold by Sky Climber was defective, harmful and unreasonably dangerous. Under the *Suvada* doctrine, the court recognized "the justice of imposing the loss on the one creating the risk and reaping the profit * * *." (32 Ill.2d at 619.) It is Sky Climber's theory here that it had legal right to bring an action over against CHA for common law indemnity. Sky Climber concedes here that no Illinois court has ever held that this type of action is permissible. But it urges "that there are neither practical nor theoretical nor policy reasons which should preclude such an action." We cannot agree.

In our opinion, the basic underlying reasons of policy, as expressed in *Suvada*, should be operative here to prevent this type of indemnity. Sky Climber is the manufacturer and distributor of this product and therefore

presumably the one who reaped the profits from its manufacture. Hence, the ultimate liability, if there be one because of a defective or unreasonably dangerous condition of the product when it left the manufacturer's possession, should rest upon Sky Climber as creator of the product.

■■ There is not a considerable amount of authority on this precise point in Illinois. However, in *Texaco, Inc. v. McGrew Lumber Co.*, 117 Ill.App.2d 351, 254 N.E.2d 584, in a converse situation, plaintiff was hurt in a fall from a scaffold. The cause of his injuries was a defective plank which had been incorporated into the scaffold. Upon consideration of the distributive chain, indemnity was permitted in favor of the erector of the scaffold and against the company which had manufactured, or processed, and supplied the plank. In *Noncek v. Ram Tool Corp.*, 129 Ill. App.2d 320, 264 N.E.2d 440, this court held that the manufacturer of a defectively dangerous electric drill could not obtain indemnity against the employer of a sheet metal worker who had been injured in using the drill. In that case, quite close to the situation at bar, the court held that there was no support for the contention that indemnity should be granted to the manufacturer.

■■ In our opinion, the facts in the case at bar support the conclusion that the manufacturer of an instrumentality which is defective and therefore unreasonably dangerous when it leaves his possession cannot obtain indemnity for strict liability as against the employer of the person who later used the defective device.

It follows that the trial court acted properly in dismissing the third-party complaint of Sky Climber. The judgment is therefore affirmed.

Judgment affirmed.

EGAN and HALLETT, JJ., concur.