William KUZIW, Plaintiff,

v.

**LAKE ENGINEERING COMPANY, a Division of Arlo Manufacturing Corporation, a corporation, et al., Defendants.**

**LAKE ENGINEERING COMPANY, a Division of Arlo Manufacturing Corporation, a corporation, and Economy Baler Corporation, a corporation, Third Party Plaintiffs,**

v.

**BELL & HEFTNER, INC., et al., Third Party Defendants.**

**No. 71 C 253.**

United States District Court,
N. D. Illinois.

Sept. 3, 1974.

Morrill, Koutsky, Klomann & Chuhak, Alan E. Morrill, Conrad F. Floeter, Chicago, Ill., for plaintiffs.

Kralovec, Sweeney, Marquard & Doyle, Price, Schlager, Burgeson & Laughlin, John F. Laughlin, Chicago, Ill., for defendants.

BAUER, District Judge.

## MEMORANDUM OPINION AND ORDER

This cause comes on the third-party defendants' motion to dismiss the third party complaint.

The jurisdiction of this Court is apparently based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiff William Kuziw is a citizen and resident of the State of Illinois. The defendants, Lake Engineering Company ("Lake"), Fluid Power, Division of Sta-Rite Industries, Inc. ("Fluid Power"), and Economy Baler Corporation ("Economy") are purportedly foreign corporations having their principal place of business in a state other than Illinois. The damages are alleged to exceed $10,000 exclusive of interest and costs.

The plaintiff William Kuziw seeks to redress the personal injuries that he sustained while operating a certain baling machine manufactured by the defendant Lake. The plaintiff in the complaint alleges that the machine was "not reasonably safe," that this condition existed at the time the machine left the defendant manufacturer's control and that this condition is due to a defect in design or manufacture of a certain valve which was the proximate cause of the plaintiff's injuries.

The plaintiff seeks one million dollars in damages plus the cost of maintaining the instant suit. The plaintiff seeks this relief against the defendants whose negligence is the proximate cause of the plaintiff's injuries, namely, defendant Lake, the manufacturer of the baling machine in question; Fluid Power, the designer-manufacturer of the hydraulic control valve designated as Model No. IAV2101–LH–8 C9, Serial No. 22604, which was a component part of the baling machine in question; and Economy, the seller to plaintiff's employer of the baling machine and its component hydraulic control valve.

The defendants Lake, Fluid Power and Economy have filed third party complaints against Bell & Heftner, Inc. ("Bell & Heftner") and Harriet Schwartz and Jack Davidson, as Trustees of the Garland Building Trust.

The defendants and third party plaintiffs Lake and Economy allege in their third party complaint the following facts, *inter alia:*

1. On and prior to October 30, 1970, the date the plaintiff was injured, Bell & Heftner, Inc., was the managing agent of the Garland Building. On and prior to that date, Bell & Heftner purchased and maintained the baling machine in question.

2. At that time and place and prior thereto, Bell & Heftner did one or more of the following acts of negligence which proximately resulted in the injury to the plaintiff:

   (a) Permitted the central protective cover of the baler to be left off during the operation thereby exposing the ram and cross brace of said baler.

   (b) Replaced the T-handle lever operator for said baler and valve with a defective T-handle lever.

3. If the allegations of plaintiff's Complaint are proven and sustained and if Lake Engineering Company and Economy Baler are held liable for damages to plaintiff or to any other party in this cause, it will have been through the active negligence of third party defendant, Bell & Heftner, Inc., there being no active acts of negligence by the third party plaintiffs, Lake Engineering Company and Economy Baler Corporation.

4. On and prior to October 30, 1970, Harriet Schwartz and Jack Davidson, as Trustees of the Garland Building Trust, owned, operated and controlled the Garland Building. On and prior to that date, Harriet Schwartz and Jack Davidson, as Trustees of the Garland Building Trust, purchased and maintained the baling machine in question.

5. At the time and place and prior thereto, Harriet Schwartz and Jack Davidson, as Trustees of the Garland Building Trust, did one or more of the following acts of negligence which proximately resulted in the injury to the plaintiff:

   (a) Permitted the central protective cover of the baler to be left off during the operation thereby exposing the ram and cross brace of said baler.

   (b) Replaced the T-handle lever operator for said baler and valve with a defective T-handle lever.

6. If the allegations of plaintiff's Complaint are proven and sustained and if third party plaintiffs Lake Engineering Company and Economy Baler Corporation are held liable for damages to the plaintiff or to any other party to this cause, it will have been through the active negligence of third party defendants Harriet Schwartz and Jack Davidson, as Trustees of the Garland Building Trust, there being no active acts of negligence by the third party plaintiffs, Lake Engineering and Economy Baler.

The third party plaintiffs Lake and Economy seek to have the third party defendant indemnify and save them harmless in the amount of the judgment, attorneys fees and cost for which the third party plaintiffs may be obligated in this cause.

The defendant and third party plaintiff Fluid Power alleges the following facts, *inter alia,* in its third party complaint:

1. The plaintiff, William Kuziw, has filed suit to recover damages from Fluid Power for injuries sustained on October 30, 1970, while he was operating a certain baling machine upon the premises of his employer, the Garland Building.

2. The plaintiff, in his complaint, alleges a defective valve of Fluid Power was the proximate cause of the injury to the plaintiff; Fluid Power has denied this allegation and any negligence on its part.

3. On and prior to that date, Bell & Heftner was the managing agent of the Garland Building. On and prior to that date, Bell & Heftner purchased and maintained that baling machine.

4. At that time and place and prior thereto, Bell & Heftner did one or more of the following acts of negligence which proximately resulted in the injury to the plaintiff:

   (a) Permitted the central protective cover of the baler to be left off during the operation thereby exposing the ram and cross brace of said baler.

   (b) Replaced the T-handle lever operator for said baler and valve with a defective T-handle lever.

5. If the allegations of plaintiff's complaint are proven and sustained and if Fluid Power is held liable for damages to the plaintiff or to any other party to this cause, it will have been through the active negligence of third party defendant, Bell & Heftner, there being no active acts of negligence by the third party plaintiff, Fluid Power.

6. On and prior to October 30, 1970, Harriet Schwartz and Jack Davidson, as Trustees of the Garland Building Trust, owned, operated and controlled the Garland Building and on or prior to that date they purchased and maintained the baling machine in question. At that time and place and prior thereto, Harriet Schwartz and Jack Davidson, as Trustees of the Garland Building Trust did one or more of the following acts of negligence which proximately resulted in the injury to the plaintiff:

   (a) Permitted the central protective cover of the baler to be left off during the operation thereby exposing the ram and cross brace of said baler.

   (b) Replaced the T-handle lever operator for said baler and valve with a defective T-handle lever.

7. If the allegation of plaintiff's complaint are proven and sustained and if Fluid Power is held liable for damages to the plaintiff or to any other party to this cause, it will have been through the active negligence of the third party defendants, Harriet Schwartz and Jack Davidson, as Trustees of the Garland Building Trust, there being no active acts of negligence by the third party plaintiff, Fluid Power.

Fluid Power, in its third party complaint, also seeks to have these third party defendants indemnify and save it harmless in the amount of the judgment, attorney fees and costs which Fluid Power may be obligated for on the plaintiff's complaint.

The third party defendants, Bell & Heftner and Harriet Schwartz and Jack Davidson, as Trustees, in support of their instant motion, contend:

1. The primary complaint charges Lake and Economy with faulty de-

sign and Fluid Power with providing a defective valve and further alleges one or both to be the proximate cause of the plaintiff's injury.

2. Under the above circumstances, each third party plaintiff as a matter of law is guilty of active misconduct which prevents its indemnification by the third party defendants as sought. See Burke v. Sky Climber, 13 Ill.App.3d 498, 301 N.E.2d 41 (1973).

The third party plaintiffs, in opposition to the instant motion, contend that the instant motion is without merit.

It is the opinion of this Court that, regardless of which parties may prevail on the merits, the third party plaintiffs have adequately stated in their respective complaints a cause of action upon which relief can be granted, and in the interest of justice and the fair adjudication of the instant controversy the instant motion should be denied.

## I. THE RELEVANT ILLINOIS LAW DOES NOT PRECLUDE THE INSTANT THIRD PARTY COMPLAINTS.

■ It is clear to this Court that the fact that a manufacturer is sued on the theory of strict liability for a defective product does not preclude a third party action against plaintiff's employer whose active negligence in the modification and altered use of the product putatively was the proximate cause of the plaintiff's injuries.

The third party defendants inappropriately contend that the instant third party complaints are barred by the ruling of the Illinois Appellate Court in Burke v. Sky Climber, *supra*.

■ In the *Burke* case the Illinois Appellate Court stated that the plaintiff as a matter of law is guilty of active misconduct which prevents its indemnification by a third party defendant as sought. The Appellate Court held that its ruling was restricted to the facts of that case. In *Burke* the third party action was improperly based on an active/passive theory and indemnity was sought on the theory that the employer (Chicago Housing Authority) had been negligent in its assembly, according to instructions, inspection and maintenance of a scaffold. In the instant case the third party plaintiffs seek indemnity on the theory that the third party defendants substantially altered a portion of the machine in question and the alteration was the sole proximate cause of the plaintiff's injury. Since the third party plaintiffs adequately predicate their complaints on the allegation that the third party defendants, throught their alterations, actively created the defect in the machine which caused the plaintiff's injury, the *Burke* case is clearly not applicable to the instant action.[1]

Liability should ultimately be placed on the party who creates the putatively dangerous condition which is the proximate cause of the tort. Numerous courts in factual situations similar to the instant case have held that a third party complaint is proper given the instant allegations and that it should not be dismissed at the pleading stage. Wallner v. Kitchens of Sara Lee, Inc., 419 F.2d 1028 (7th Cir. 1969); Gary Richardson v. The Austin Company, Civil Case No. 69 C 685 (N.D.Ill. Nov. 13, 1970); Goldstein v. Compudyne Corp., 45 F.R.D. 467 (S.D.N.Y.1968); Campbell v. Joslyn Manufacturing and Supply Co., 65 Ill.App.2d 344, 212 N.E.2d 512 (1965).

Regardless of whether the third party plaintiffs will eventually prevail on the merits it is clear that they have ade-

---

[1]. On July 1, 1974, 316 N.E.2d 516, the Supreme Court in Illinois in Burke v. Sky Climber, Inc., (Docket No. 46160) affirmed the judgment of the Illinois Appellate Court. In essence the Supreme Court of Illinois held that the third party plaintiff had failed to adequately state a cause of action. There is presently pending in that cause a petition for rehearing. It is clear to this Court that the third party plaintiffs in the instant action have, at this stage of the proceedings, adequately state a cause of action against the third party defendants. Thus, the *Burke* case is not controlling precedent over the instant action.

quately stated a cause of action against the third party defendants. See, e. g., Blaszak v. Union Tank Car Co., 37 Ill. App.2d 12, 184 N.E.2d 808 (1962). Recovery in this matter might well depend upon such determinations as who was actually the proximate cause of the plaintiff's injuries or where does the greatest quantum of negligence lie. This being the case, it seems clear, in light of the factual questions presented, that this case should not, based solely on the pleadings, be summarily terminated. Thus it is clear to this Court in the interests of justice and the proper adjudication of the instant controversy that the instant motion should be denied at this time.

Accordingly, it is hereby ordered that the third party defendants' motion to dismiss is denied.