EMILY MARCHI, Plaintiff, v. INDIANA HARBOR BELT RAILROAD COMPANY et al., Defendants and Third-Party Plaintiffs-Appellants.—(OLENTO MARCHI, Third-Party Defendant-Appellee.)

First District (3rd Division)    No. 79-2064

Opinion filed April 30, 1980.

Anna M. Kelly, of Chicago, for appellants.

Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The trial court dismissed a third-party complaint for indemnity on the ground that it failed to state a cause of action. This appeal questions the correctness of that order.

Plaintiff, Emily Marchi, brought the original action against defendants Indiana Harbor Belt Railroad Company, Rendell L. Byford, and Robert Kaiser. Plaintiff sought damages for injuries sustained when a vehicle in which she was a passenger collided with a train owned by Indiana Belt. Byford and Kaiser were engineer and conductor respectively, of the train involved. Defendants thereafter filed a third-party complaint against Olento Marchi. Marchi, plaintiff's husband, was the driver of the automobile at the time of the collision. The trial court

granted Marchi's motion to dismiss the third-party complaint, and this appeal follows.

In her original complaint, plaintiff alleged that, on December 16, 1973, while a passenger in the automobile driven by her husband, she was injured when a train collided with the automobile. Plaintiff charged that defendants operated the train at a high and dangerous speed without sounding a whistle or bell; failed to reduce speed when danger to plaintiff was imminent; and failed to maintain properly working automatic flashers and gates at the crossing.

Defendants filed separate answers denying plaintiff's allegations of negligence and pleading as an affirmative defense that Marchi, the driver of the automobile, failed to comply with section 11—1201 of the motor vehicles statute. (Ill. Rev. Stat. 1973, ch. 95½, par. 11—1201.) This section requires a motorist to stop at a railroad crossing when crossing gates are lowered, warning signals are activated, or the train is approaching closely or is plainly visible, and not to proceed until it can be done safely.

Defendants' third-party complaint against Marchi sought common-law indemnification for costs, expenses and any judgment which might be entered against them. The third-party complaint alleged that Marchi was actively negligent in driving his vehicle around lowered crossing gates into the path of an approaching train; in failing to keep a lookout for the approaching train; in failing to heed the warnings afforded by the train whistle and bell; in failing to yield the right of way to the moving train; and in failing to control and stop the automobile before the collision. The third-party complaint further asserted that if defendants had violated any duty to plaintiff, "such violation would be passive acts of misconduct only, while the violations of the duties owed by [Marchi] were active acts of misconduct * * *."

Marchi's motion to dismiss the third-party complaint stated that defendants failed to allege facts sufficient to disclose a legal relationship upon which a duty to indemnify could be predicated, or to support their legal conclusion that Marchi was actively negligent while defendants were passively negligent. Defendants filed a memorandum in opposition to the motion to dismiss the third-party complaint and attached copies of the oral depositions of plaintiff, Kaiser, and Byford.

Plaintiff stated in her deposition that as her husband's automobile traveled south on Indiana Avenue toward the railroad crossing, she noticed that the gates were down, the flashers were activated, and a train was standing to the east. The automobile's windows were closed, and the heater was in use. Visibility was good. After they waited at the crossing for over 10 minutes, three northbound automobiles, followed by three southbound automobiles, drove around the lowered gates and crossed the tracks without incident. The Marchi vehicle then proceeded south in the

same manner, at which time it was struck by a train coming from the west. Plaintiff did not hear a whistle or a bell.

In his deposition, defendant Kaiser, the conductor, stated that the train was held west of the crossing for approximately 10 to 15 minutes. He could observe southbound traffic on Indiana Avenue. Upon receiving a clear signal, the crossing gates were lowered and the train started up gradually. As the train began to move, the gates went down, the engine headlight was on, the lights were flashing, the bell was ringing, and the horn was sounded. An automobile traveling south drove around the gates into the path of the train, and was struck.

In his deposition, defendant Byford, the engineer, stated that the crossing gates were up while the train was being held west of the crossing. When the signal changed to clear, the gates were lowered and the train moved forward slowly. As the train arrived at the crossing, Kaiser called out that someone was coming around the gates, and Byford immediately placed the train in an emergency stop.

On appeal, defendants contend that the third-party complaint sufficiently discloses a qualitative difference between the alleged negligence of the third parties so as to warrant common-law implied indemnification on the active-passive theory of liability.

■■ Although Illinois law does not allow contribution among tortfeasors, it does permit a passively negligent tortfeasor to obtain indemnification from an actively negligent tortfeasor. (*Miller v. DeWitt* (1967), 37 Ill.2d 273, 226 N.E.2d 630.) Before there can be such implied indemnification there must be a qualitative distinction between the alleged negligence of the third parties. (*Lindner v. Kelso Burnett Electric Co.* (1971), 133 Ill. App. 2d 305, 273 N.E.2d 196.) A third-party complaint for indemnity need only evidence some possibility of recovery. (*Mierzejewski v. Stronczek* (1968), 100 Ill. App. 2d 68, 241 N.E.2d 573.) Courts have observed the difficulty in determining as a matter of law at the pleading stage that "in no event" would a defendant have an action over against a third party. (See *Muhlbauer v. Kruzel* (1968), 39 Ill.2d 226, 234 N.E.2d 790.) Yet, the third-party complaint must disclose a relationship upon which a duty to indemnify must be predicated. *Burke v. Sky Climber, Inc.* (1974), 57 Ill.2d 542, 316 N.E.2d 516.

■■ Where indemnification is allowed based on the active-passive distinction, the indemnitor's conduct is usually characterized as the primary cause or active negligence whereas the indemnitee's conduct is considered the secondary cause or passive negligence. (*Carver v. Grossman* (1973), 55 Ill.2d 507, 305 N.E.2d 161; *Burgdorff v. International Business Machines* (1975), 35 Ill. App. 3d 192, 341 N.E.2d 122.) The concepts of active and passive negligence are imprecise and difficult to apply. (*Parr v. Great Lakes Express Co.* (7th Cir. 1973), 484 F.2d 767;

*Solar v. Dominick's Finer Foods, Inc.* (1978), 65 Ill. App. 3d 192, 382 N.E.2d 581.) "Active" and "passive" are terms of art which must be applied in accordance with concepts developed on a case by case basis rather than in accordance with the usual dictionary definitions of the words. (*Moody v. Chicago Transit Authority* (1974), 17 Ill. App. 3d 113, 307 N.E.2d 789.) Mere motion does not define the distinction between active and passive negligence. *Trzos v. Berman Leasing Co.* (1967), 86 Ill. App. 2d 176, 229 N.E.2d 787.

■■ Having examined all the pleadings and memoranda filed in the present case, we conclude that they do not demonstrate the requisite qualitative difference between the alleged negligence of defendants and that of third-party defendant. (See also *Preston v. City of Chicago* (1975), 34 Ill. App. 3d 322, 340 N.E.2d 251.) In essence, defendants and Marchi are both accused of having failed to operate their vehicles properly so as to avoid the collision. Plaintiff charged that defendants negligently failed to reduce the speed of the advancing train when danger to her was imminent, failed to sound a warning, failed to keep a proper lookout, and failed to operate the crossing gates properly. Similarly, defendants claimed that Marchi failed to keep a lookout for the approaching train, failed to yield the right of way, and failed to control and stop the automobile before the collision. We find no qualitative distinction between the allegedly negligent acts of defendant and those charged against Marchi.

Defendants argue that "but for" Marchi's action of driving around the lowered crossing gates, the accident would not have occurred, and therefore Marchi's negligence was primary. Defendants also urge that Marchi failed to fulfill his duty to plaintiff while they, by affording adequate warning of the train's presence, did not breach any affirmative duty to plaintiff. If, as defendants maintain, the accident was solely and proximately caused by Marchi's negligence, they would have a complete defense to plaintiff's original suit and no indemnification would be necessary. (See *Burke v. Sky Climber, Inc.* (1974), 57 Ill.2d 542, 316 N.E.2d 516.) A third-party action for indemnity presupposes liability on the part of the original defendant. (*Parr v. Great Lakes Express Co.*) The third-party complaint merely presented a defense to plaintiff's original complaint but did not recite facts sufficient to establish a right to indemnification. We conclude that the trial court's dismissal of the third-party complaint was proper.

For the reasons stated, the judgment of the circuit court of Cook County dismissing defendants' third-party complaint is affirmed.

Judgment affirmed.

McGILLICUDDY, P. J., and SIMON, J., concur.